**UNITED STATES v. SMITH et al.**
Civ. No. 2750.

United States District Court
D. Connecticut.

Oct. 17, 1949.

Adrian W. Maher, U. S. Atty., New Haven, Conn., Edward J. Lonergan, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Herman H. Copelon, New Haven, Conn., for defendants.

SMITH, District Judge.

This is an application by the United States for an order enforcing a subpoena of a Special Agent of the Bureau of Internal Revenue, Department of the Treasury.

The three men subpoenaed, each of whom was, or had been during the periods involved, an officer, director and stockholder of the corporate taxpayer whose returns were under investigation, appeared but declined to testify unless their attorney was allowed to be present.

The government contends that the proceeding is investigatory, in nature analogous to grand jury proceedings and with the same need for secrecy. It is also claimed that the attorney is the representative of the taxpayer as well as of the witness and that through him the taxpayer may be apprised of the direction taken by the investigation.

The witnesses liken the situation to that of parties in court, entitled to counsel, and also contend that section 6(a) of the Administrative Procedure Act, 5 U.S.C.A. 1005(a),[1] grants the right to counsel to witnesses before the Special Agent.

The wording of the section bears out the defendants' contention unless the word "appear" in the first line is used in the technical sense of responding to process as a party to an action. The fact that nowhere in the legislative debates or reports on the bill which became the Act in question was there mention that witnesses were intended to be covered supports the claim that parties only were covered by the section. However, such an interpretation gives no effect to what we must presume to be the deliberate choice of the word "person" in the first line, as distinguished from the word "party" used in the second sentence.

█ The Act is intended to establish uniform standards of fairness for the dealings of administrative bodies with the citizen. Where two interpretations are possible, one of which would narrow, the other broaden, the categories of citizens touched by the administrative process to which protection is extended, we should prefer the broader interpretation. The adjudicative

functions of the Internal Revenue Bureau are specifically exempted from the Act. It is significant that the section on ancillary matters in issue here is not so exempted.

█ We hold, therefore, that witnesses summoned to appear before Special Agents have the right to the presence and advice of counsel.

█ There may be cases where the right to counsel should not include, however, the right to be represented by counsel who also represent the taxpayer. While no harm seems likely from such a situation in this case, since the knowledge of these witnesses is necessarily also the knowledge of the taxpayer, any possibility of prejudice to the investigation should be obviated by requiring that counsel be not connected with, or retained by, the taxpayer.

An order may issue enforcing the subpoena but permitting the presence only of outside counsel (other than counsel for the taxpayer) for the witnesses to advise upon their constitutional rights.

Form of order may be submitted by counsel for the United States.

1. 5 U.S.C.A. § 1005(a): "Any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied, represented, and advised by counsel or, if permitted by the agency, by other qualified representative. Every party shall be accorded the right to appear in person or by or with counsel or other duty qualified representative in any agency proceeding. * * *"