**TORRAS v. STRADLEY.**

No. 76 Motions.

United States District Court
N. D. Georgia, Atlanta Division.
Oct. 22, 1951.

As Amended April 21, 1952.

G. Seals Aiken, Atlanta, Ga., for movant, Mrs. Torras.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., Joseph L. Stradley, Atlanta, Ga., on the brief, for respondent.

HOOPER, Chief Judge.

This is an application on behalf of the Commissioner of Internal Revenue of the United States of America for an order enforcing a summons of a Special Agent of the Bureau of Internal Revenue, United States Treasury Department, issued and served under authority of Section 3614(a) of the Internal Revenue Code, 26 U.S.C.A. 3614(a), requiring a witness to give testimony in an income tax investigation.

In earlier proceedings the Government was the original movant. Counsel for the witness brought an action against the Special Agent alleging numerous violations of his client's constitutional rights and seeking to have the Special Agent enjoined "from calling, insulting, visiting, threatening, harrassing, assaulting, and/or molesting" the witness. Upon a hearing it was found that the allegations were not supported by the evidence and that the Special Agent had not been guilty of improper conduct toward the witness.

The witness whose testimony is being sought is the bookkeeper, secretary, and dental assistant for a dentist whose tax liability is under investigation. The tax-

payer's brother is counsel for both the taxpayer and the witness.

Following the prior judgment, the witness appeared before the Special Agent in response to an order of this Court. She was accompanied at said appearance by the taxpayer's counsel and a private stenographer or reporter employed by said counsel. A stalemate developed when the attorney and his stenographer were excluded from the proceeding and the attorney refused to permit the witness to testify unless he and his stenographer were admitted. The witness was offered a reasonable time in which to secure counsel of her own choosing not retained by, or connected with, the taxpayer.

The present application was made in the form of an amendment to the original motion. It seeks an order to compel the witness to testify without the presence of a personal stenographer or reporter and without counsel retained by or connected with the taxpayer. It also asks that the attorney, his stenographer, and the witness be required to show cause why they should not be adjudged in contempt of court, and that the taxpayer be required to show cause "why he should not be restrained and enjoined, whether by himself, his attorney, or anyone else engaged by him, from interfering further in the Government's obtaining" the witness' testimony.

Counsel for the witness was given opportunity for the presentation of authorities in a lengthy oral argument. The Government's case was presented by brief.

The Government contends that the appearance of the taxpayer's counsel with the witness is for the purpose of suppressing her testimony, of apprising the taxpayer of the direction taken by the investigation, and of dominating the inquiry which is required to be a secret and confidential proceeding. It further contends that a witness' personal stenographer is not a person authorized to hear confidential information of a taxpayer's affairs and that his admission to the proceedings would, therefore, subject the Government's agent to prosecution under Section 55(f)(1) of the Internal Revenue Code, 26 U.S.C.A. § 55 (f)(1).

Counsel for the witness argues that the restrictions placed on his client are in violation of Amendment V of the United States Constitution in that they deprive her of "life, liberty, or property, without due process of law". He contends further that the Government's position places a too narrow construction upon Section 6(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1005(a). He insists that it is in direct conflict with the applicable and controlling decision in the case of Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. He also insists that the witness' right to select her own counsel is assured by the decision in the case of Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. He relies heavily on the decision in the case of Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, in denouncing the present inquiry.

Two questions thus presented are:

1. Does the right of a witness, given by the Administrative Procedure Act, "to be accompanied, represented, and advised by counsel" when subpoenaed to testify in an investigation before a Special Agent of the Bureau of Internal Revenue, include a right to the presence and advice of counsel connected with, or retained by, the taxpayer?

2. Does a witness, required to give testimony in an income tax investigation authorized by Section 3614(a) of the Internal Revenue Code, 26 U.S.C.A. § 3614(a), have a right to have his personal stenographer present to take notes of his testimony, even though a regular Government stenographer is present to record the testimony?

Both questions are answered in the negative.

 It seems not at all unreasonable to exclude the taxpayer's counsel from the interrogation of a witness about the taxpayer's affairs. The witness' constitutional rights are amply protected so long as he can select counsel from all other attorneys. Under a contrary ruling it is easy to see that the Government's investigation might be seriously prejudiced. Indeed, in the instant case, the Government's agents have

been put to much delay, trouble and expense by the actions of the taxpayer's attorney.

There is no merit in the contention of counsel for the taxpayer that his position is supported by the Wong Yang Sung decision. In the present case the rights concerned are those of a mere witness in a preliminary, fact-finding investigation in which no rights of parties are finally determined. In the Wong Yang Sung case, however, the rights of a person whose deportation had been recommended by the immigration authorities were involved. The court in that case dealt with provisions of the Administrative Procedure Act not involved in the present case and it denounced the practice of commingling in one person the duties of prosecutor and judge—a circumstance not involved here. The Powell and Jones decisions, likewise, do not support the contentions for the witness. The person involved in the Powell case was not a mere witness in an investigatory proceeding; he was a defendant charged in open court with a felony. Under the constitution his right to counsel was clearly different from that of a witness before an agency of the Government. In the Jones case the court was dealing with a party, not a witness; and the investigation was not, as here, being conducted according to statute. The principal question decided was the right of the party to withdraw a registration statement and thus avoid an investigation predicated upon discrepancies in the statement.

■ There appears to be a clear distinction in principle between those authorities holding an order directing a witness to appear before an examiner for a quasi-judicial body, such as the Interstate Commerce Commission, and those orders directing a witness to appear before a Government Agent purely for investigative and fact-finding purposes. See Ellis v. Interstate Commerce Commission, 237 U.S. 434, 442, 35 S.Ct. 645, 59 L.Ed. 1036; Interstate Commerce Commission v. Baird, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860; Cf. Cobbledick v. U. S., 309 U.S. 323, 329–330, 60 S.Ct. 540, 84 L.Ed. 783; Norwegian

Nitrogen Products Company v. U. S., 288 U.S. 294, 317–318, 53 S.Ct. 350, 77 L.Ed. 796; Alexander v. U. S., 201 U.S. 117, 121, 26 S.Ct. 356, 50 L.Ed. 686. Tax investigations such as are authorized under Title 26 U.S.C.A. Section 3614(a), being wholly fact-finding in nature, are to be distinguished from administrative hearings in which legal rights of parties may be considered and determined. Norwegian Nitrogen Products Company v. U. S., supra; U. S. v. Mascuch, D.C., 30 F.Supp. 976; Securities and Exchange Commission v. Torr, D.C., 15 F.Supp. 144; Woolley v. U. S., 9 Cir., 97 F.2d 258; Cf. Morgan v. U. S., 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129. For substantially the same reasons requiring secrecy in grand jury investigations, see Latham v. U. S., 5 Cir., 226 F. 420, L.R.A.1916D, 1118, investigations conducted by agents of the Commissioner of Internal Revenue under authority of Section 3614(a) are required by statute to be conducted secretly and confidentially. See 26 U.S.C.A. § 55(f) (1).

There is authority to the effect that questions concerning the rights of witnesses arising in the course of purely administrative investigations, where compulsory process is available to the Government by statute, are to be determined on the same principles which apply to such questions in connection with grand jury investigations, subject of course to such statutory limitations as are applicable to the particular administrative authority. Woolley v. U. S., 9 Cir., 97 F.2d 258; McCrone v. U. S., 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108; Zimmerman v. Wilson, 3 Cir., 105 F.2d 583; Blair v. U. S., 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979. The Court of Appeals for the 8th Circuit in Brownson v. U. S., 32 F.2d 844, 848, used the following language: "We think that the power granted to the Commissioner of Internal Revenue by the statutes above quoted to require the attendance of witnesses and the production of books and papers in matters properly under investigation by him is similar to the power vested by analogous statutes in federal grand juries to perform similar acts,

740

such as are illustrated by the cases above cited".

It seems obvious, by inference, that the Congress, in passing the Administrative Procedure Act, did not intend that a witness testifying in a non-public investigative proceeding should have a right to the presence of a personal stenographer. The provision of 5 U.S.C.A. § 1005(b), that a witness should have a right, under certain circumstances and conditions, to a copy of the transcript of his testimony refers to "the official transcript". If a witness had a right to have his own stenographer present, he could arrange to have his own transcript prepared, and there would be no need for a statute to aid him in obtaining a copy of the transcript from the agency.

A witness summoned to testify in such an investigation has no right to control the manner of conducting the investigation or its secrecy by insisting upon having his own stenographer present to report the interview. The mere convenience of the witness will not support such a demand as against the Treasury Department policy and practice; nor may the witness raise any inference of unfairness as a basis for such a demand. There is a presumption in favor of regularity of official actions. Origet v. Hedden, 155 U.S. 228, 236, 15 S.Ct. 92, 39 L.Ed. 130. Compare Michigan Central Railroad Company v. Powers, 201 U.S. 245, 26 S.Ct. 459, 50 L.Ed. 744; Lieberman v. Van De Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305.

The remaining prayers of the Government's motion concerning contempt and restraining proceedings are not being ruled upon at this time; but are being retained along with all other matters presented by counsel in the pleadings until it becomes necessary to take additional action because of subsequent events.

Let an order be entered accordingly. The subpoena heretofore issued and served upon Mrs. Torras requiring her to appear and testify before Special Agent Stradley is reinstated to full force and effect.