COMMISSIONER OF INTERNAL REVENUE

v.

Sidney BACKER.

Civ. A. No. 1582.

United States District Court M. D. Georgia,

Macon Division.

Aug. 7, 1959.

Frank O. Evans, U. S. Atty., Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for plaintiff.

Cubbedge Snow, Sr., Martin, Snow, Grant & Napier, Macon, Ga., for defendant.

BOOTLE, District Judge.

The Commissioner of Internal Revenue here applies under section 7604 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7604, for an order enforcing a summons of a special agent of the Internal Revenue Service issued and served under authority of sections 7602 and 7603 of said Code, 26 U.S.C.A. §§ 7602, 7603, requiring respondent, as a witness, to give testimony in an income tax investigation.

From the pleadings and evidence, these are the material and controlling facts. The special agent is conducting an investigation to determine the correct tax liability of an individual taxpayer for the years 1951 through 1955. The respondent, a certified public accountant, has been employed by the taxpayer for approximately eight years, the last seven of which have been in connection with the tax returns commencing for the year

1951. His employment was not by the year, nor by the month, but he has, at frequent intervals but with no fixed schedule, conferred with the taxpayer during each of said years for the purpose of assembling information in connection with the preparation of his returns for the years commencing with 1951, and to this end respondent and his employees have on many occasions made entries on the books and records of the taxpayer. Under authority of sections 7602 and 7603 of the Internal Revenue Code of 1954 the special agent served respondent with a Commissioner's summons requiring him to appear at the office of the Internal Revenue Service, Macon, Georgia, on April 29, 1959, and to testify regarding the income tax liability of the taxpayer. Respondent appeared at the appointed time and place accompanied by his attorney who stated that he was present to represent respondent as his counsel. The attorney also stated that he was counsel for the taxpayer in the income tax matters under investigation, having filed a power of attorney to represent the taxpayer before the Internal Revenue Service, which power of attorney had not and has not been revoked. Thereupon the special agent informed respondent and his counsel, in substance, that inasmuch as counsel selected and retained by respondent to represent him at the investigation was also counsel for the taxpayer in the income tax matters under investigation, respondent could not have said attorney present as his counsel when respondent's testimony was being taken, but that if respondent still desired to have counsel, he would be accorded a reasonable period in which to secure other counsel not retained by or connected with the taxpayer. Thereupon respondent declined to proceed with the taking of his testimony without the presence of said attorney.

The question for decision, therefore, is whether the right of a witness to have counsel for such an investigatory fact-finding proceeding includes the right to have counsel retained by or connected with the taxpayer whose tax liability is under investigation.

The right "to be accompanied, represented, and advised by counsel" at such a hearing comes not from the Constitution which says that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence", U.S.Const. Amend. VI, but from the Administrative Procedure Act of June 11, 1946, 5 U.S. C.A. § 1005(a), and did not exist prior thereto. Bowles v. Baer, 7 Cir., 1944, 142 F.2d 787. There is no criminal prosecution here, no accused, not even a hearing, only an investigatory fact-finding proceeding. Torras v. Stradley, D.C. N.D.Ga.1951, 103 F.Supp. 737, 739. Cases like Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 and United States v. Bergamo, 3 Cir., 1946, 154 F.2d 31, holding that in criminal prosecutions the accused has the right to counsel of his own choosing are not controlling. It may be noted in passing that such right, while of highest priority, utmost importance and quite sacred, cannot, it has been held, "be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." Lee v. United States, 1956, 98 U.S.App. D.C. 272, 235 F.2d 219, 221; Smith v. United States, 1923, 53 App.D.C. 53, 288 F. 259, 260–261. Even prior to the Administrative Procedure Act Treasury policy accorded to a witness in this type of proceeding the right to have an attorney present at the time of his questioning for the purpose of advising the witness relevant to his right to refuse to give any answers which might incriminate him under the laws of the United States. Under this policy, however, "a third party witness [was] is entitled to the attendance of his own counsel, but not the counsel for the taxpayer." See Manual of Instructions for Special Agents, Intelligence Unit, Bureau of Internal Revenue, Treasury Department,

July 1945. It would not seem reasonable to conclude that the Congress, in providing in the Administrative Procedure Act that "any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied, represented, and advised by counsel * * *", intended to place it within the power of a third-party witness to select a taxpayer's counsel as his own and thereby procure the presence of taxpayer's counsel at the investigation.

In this case both respondent and his counsel are unquestionably able, reputable and highly ethical practitioners in their respective professions. Each has furnished to the investigators all information requested. The respondent has permitted the investigators to photostat his work papers and has not refused to put anything in writing. Taxpayer did not suggest that respondent retain taxpayer's counsel, and respondent did not consult taxpayer about it. Respondent retained taxpayer's counsel in this case because he had confidence in him and because of said counsel's familiarity with the entire matter. Respondent has paid said counsel a retainer and does not look to taxpayer for reimbursement thereof. Both respondent and counsel have concluded that there is no conflict of interest. Neither respondent nor his counsel sees any necessity of respondent's testimony being taken under oath, but neither of them has attempted in any manner to impede this investigation unless it can be said, as the Commissioner argues, that the mere presence of taxpayer's counsel at the investigation, even though he refrains from obstructive tactics, serves as a damper on the voluntary testimony of taxpayer's accountant.

▮ Notwithstanding the foregoing facts and the unquestioned and unquestionable character, reputation and professional standing of respondent and his counsel, the question to be decided here, as outlined above, must be decided in the negative. Section 7602 of the Internal Revenue Code of 1954 specifically authorizes the taking of testimony under oath, and the Commissioner and his agents, charged with the responsibility of discovering the facts, should be permitted to determine the scope and manner of the investigation so long as they proceed within the law. Whether or not the Commissioner is correct in contending that the mere presence of taxpayer's counsel at the investigation while taxpayer's accountant is being questioned serves as a damper upon the voluntary testimony of taxpayer's accountant, I think the correct solution to this problem was pointed out in United States v. Smith, D.C.Conn.1949, 87 F.Supp. 293, 294, where the court said:

"While no harm seems likely from such a situation in this case, since the knowledge of these witnesses is necessarily also the knowledge of the taxpayer, any possibility of prejudice to the investigation should be obviated by requiring that counsel be not connected with, or retained by, the taxpayer.",

and in Torras v. Stradley, supra, where the holding was epitomized as follows: "It seems not at all unreasonable to exclude the taxpayer's counsel from the interrogation of a witness about the taxpayer's affairs." [103 F.Supp. 738.] No pertinent contrary holdings have been brought to my attention.

Let an order be entered in accordance herewith allowing the respondent a reasonable time within which he may obtain other counsel, if he so desires. Counsel for the Commissioner will prepare such order, submitting it to counsel for respondent who shall have five days for suggestions as to form.