**Sidney BACKER, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 18035.**

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1960.

142

Cubbedge Snow, Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This action covers a very narrow compass. Appellant is a Certified Public Accountant who had been employed in connection with preparation of the tax returns of one Walter D. Williams, Jr. In the course of investigation of Williams' tax affairs for five years numerous consultations were had between the Internal Revenue agents and special agents and appellant. Appellant fully answered all questions asked, produced all papers requested during the many interviews conducted both with and without the presence of an attorney for taxpayer.

In this posture of affairs, after appellant had disclosed all the information sought from him touching on Williams' tax affairs, he was subpoenaed to appear and testify under oath before the Special Agent at a prescribed time and place. He did appear, accompanied by counsel, Cubbedge Snow, Esquire. Mr. Snow had previously filed a power of attorney to represent the taxpayer, Williams, in the investigation of his tax matters. The Special Agent stated that Mr. Snow could not be present at the investigation of appellant, whereupon appellant, on the advice of his counsel, declined to submit to the interrogation; counsel based this action on the provisions of the Administrative Procedure Act which says:

"Any person compelled to appear in person before any agency or representative thereof shall be accorded

the right to be accompanied, represented, and advised by counsel * * * " 5 U.S.C.A. § 1005.

Thereupon the Commissioner of Internal Revenue filed his petition with the United States District Court to require the attendance of Backer "without the presence of counsel retained by or connected with the said Walter D. Williams, Jr."

The trial court expressly found that counsel was employed by Backer at his own expense and without any suggestion from the taxpayer.[1] It also found that both appellant and his counsel were "of unquestioned and unquestionable character" and that neither of them had attempted in any manner to impede the investigation.

Nevertheless, the court held that Backer must appear to give his testimony without being represented by Mr. Snow. The trial court said:

"* * * Whether or not the Commissioner is correct in contending that the mere presence of taxpayer's counsel at the investigation while taxpayer's accountant is being questioned serves as a damper upon the voluntary testimony of taxpayer's accountant, I think the correct solution to this problem was pointed out in United States v. Smith, D.C. Conn.1949, 87 F.Supp. 293, 294, where the Court said:

" 'While no harm seems likely from such a situation in this case, since the knowledge of these witnesses is

necessarily also the knowledge of the taxpayer, any possibility of prejudice to the investigation should be obviated by requiring that counsel be not connected with, or retained by, the taxpayer.' "

The Commissioner does not base his right to exclude any particular counsel from such representation of the appellant on any Regulations of the Internal Revenue Service. He acts under a policy established by him prior to the adoption of the Administrative Procedure Act. The policy is stated in a Manual of Instructions for Special Agents, Intelligence Unit, July 10, 1945, which gave a witness the right stated as follows:

"The right to have an attorney present at the time of his questioning for the purpose of advising the witness relevant to his right to refuse to give any answers which might incriminate him under the laws of the United States. Under this policy, however, a third party witness is entitled to the attendance of his own counsel, but not the counsel for taxpayer."

It is clear that the right to counsel guaranteed under the Administrative Procedure Act is much broader than the right to have an attorney to advise him relative to his rights under the Fifth Amendment. The Act says such counsel may accompany, represent and advise the witness, without any limitation. Moreover, it seems quite doubtful that the policy statement itself, even if it were valid under the new act, covers the situ-

---

1. The findings included the following:

"In this case both respondent and his counsel are unquestionably able, reputable and highly ethical practitioners in their respective professions. Each has furnished to the investigators all information requested. The respondent has permitted the investigators to photostat his work papers and has not refused to put anything in writing. Taxpayer did not suggest that respondent retain taxpayer's counsel and respondent did not consult taxpayer about it. Respondent retained taxpayer's counsel in this case because he had confidence in him and because of said counsel's familiarity with the entire

matter. Respondent has paid said counsel a retainer and does not look to taxpayer for reimbursement thereof. Both respondent and counsel have concluded that there is no conflict of interest. Neither respondent nor his counsel sees any necessity of respondent's testimony being taken under oath but neither of them has attempted in any manner to impede this investigation unless it can be said, as the Commissioner argues, that the mere presence of taxpayer's counsel at the investigation, even though he refrains from obstructive tactics, serves as a damper on the voluntary testimony of taxpayer's accountant."

ation where the counsel is in fact counsel for the witness, even though he is also counsel for the taxpayer. It draws the distinction between counsel for the witness and counsel for the taxpayer. It does not seem to deal with the situation where one lawyer is both.

In any event, we are not here dealing with an attempted limitation on the generality of the right guaranteed under the Administrative Procedure Act by a formally adopted department regulation. We, therefore, do not come to the question whether, if under formal rule-making procedures[2] the Treasury Department had adopted regulations purporting to qualify the right of a witness to be represented by a lawyer who is also counsel for the person under investigation, such regulation would warrant the ruling of the court below. Certain it is that in the absence of any such regulation the Commissioner cannot put limitations on the general authority to have counsel as granted by the statute by saying that the witness's choice cannot include one who also represents the taxpayer.

 We recognize that what is in issue here is not the constitutional right to counsel. It is, however, a statutory right. The term "right to counsel" has always been construed to mean counsel of one's choice. See Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158; Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4; Smith v. United States, 53 App.D.C. 53, 288 F. 259; United States v. Bergamo, 3 Cir., 154 F. 2d 31. We think this is the plain and necessary meaning of this provision of the law. When Congress used the terms "right to be accompanied, represented, and advised by counsel," it must have used the language in the regularly accepted connotation, even though the language of the courts in using it was in connection with the right to counsel guaranteed by the Sixth Amendment to the Constitution.

Nor do we have a case in which the Commissioner is complaining to a trial court that counsel is in fact obstructing the orderly inquiry process by improper conduct or tactics. Cf. Torras v. Stradley, D.C.Ga., 103 F.Supp. 737.

None of the harm which the Commissioner here apprehends will result from letting taxpayer's counsel represent a witness as his own selected counsel will result except upon the failure of counsel to conduct himself in accord with his sworn duty to the court. If he does so fail then is the time for remedial action to be taken. Such action is not permissible when, as here, the trial court and government counsel reject any suggestion that either the witness or counsel will violate either the law or the ethics of their profession in the proposed investigation.

We hold that under the circumstances of this case the action of the District Court was not authorized.

The order of the District Court is reversed and vacated and the case remanded for further proceedings not inconsistent with this opinion.