**In the Matter of Donald E. NEIL, Marion Riley and Gene E. Neil.**
**Nos. 429–431.**

United States District Court
S. D. West Virginia,
Beckley Division.

Oct. 2, 1962.

Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va., for movant.

Robert H. C. Kay, Charleston, W. Va., William H. Deck, Washington, D. C., for respondents.

FIELD, Chief Judge.

In each of these proceedings the Internal Revenue Service is seeking an order enforcing a summons of a special agent of the Service issued and served under the authority of Section 7604(b) Internal Revenue Code of 1954, 26 U.S. C.A. § 7604(b). The factual situations of the three are identical and, accordingly, they have been consolidated.

On February 7, 1962, summonses were issued and served upon each of the respondents by Grover C. Stuckey, Jr., Special Agent of the Internal Revenue Service, requiring that they appear before him at Beckley, West Virginia, on February 20, 1962, to give testimony relative to the tax liability of F. W. and Hope Mann. The summonses were issued and served pursuant to the statutory authority of Section 7602(3), Internal Revenue Code of 1954, 26 U.S.C.A. § 7602(3). Upon the return date each of the respondents appeared accompanied by their attorneys, Robert H. C. Kay and William H. Deck, as well as a qualified court reporter, Kenneth B. Haas, who had been employed by the attorneys to take and transcribe the testimony of the respondents which might be taken upon that occasion. Stuckey advised respondents and their attorneys that they were not permitted to have their own stenographer present and, acting upon the advice of the attorneys, each of the respondents refused to answer any questions or to give testimony before the revenue agent.

At the hearing, the agent for the Internal Revenue Service stated that he did not challenge the right of the respondents to be represented or advised by counsel at the inquiry. His position in this respect comports with the provisions of the Administrative Procedure Act which provides: "Any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied, represented, and advised by counsel * * *." 5 U.S.C.A. § 1005(a). While some courts have seen fit to place certain limitations thereon, this basic right under the Act is now well recognized. See Backer v. C. I. R., (5th Cir. 1960) 275 F.2d 141. United States v. Smith, (D.C.Conn.1949) 87 F.Supp. 293. Compare Torras v. Stradley, (N.D.Ga.1951) 103 F.Supp. 737.

While the Act specifically extends to any party the right to be accompanied by counsel, it does not provide that either the party or his counsel may bring with him his own stenographer to report the proceedings and testimony given at the inquiry. Section 1005(b) provides that every person shall be en-

titled to receive or, upon payment of the costs, procure a copy or transcript of the evidence, and the plain inference of this section is that the agency conducting the inquiry has the responsibility of seeing that the testimony is officially reported and transcribed. In the present proceeding, the agent of the Internal Revenue Service had a qualified person present for that purpose. While there is no indication in this case that either the parties or their counsel intended to be obstructive or uncooperative, nevertheless, occasions could arise where the presence of parties other than those specifically countenanced by the Act would be disruptive of the orderly conduct of the investigation. In Torras v. Stradley, supra, in regard to the presence of a personal stenographer, the Court made this observation:

"A witness summoned to testify in such an investigation has no right to control the manner of conducting the investigation or its secrecy by insisting upon having his own stenographer present to report the interview. The mere convenience of the witness will not support such a demand as against the Treasury Department policy and practice; nor may the witness raise any inference of unfairness as a basis for such a demand. There is a presumption in favor of regularity of official actions."

Under the circumstances, I am of the opinion that the respondents and their attorneys were not entitled to have their own reporter present during the inquiry.

At the hearing the agent, Stuckey, testified that it was his practice to contact any witness after the testimony had been transcribed and give the witness an opportunity to review the statement, make any corrections he desired, and then sign it. Thereafter the witness would be given a copy of the transcript. He further testified that the witness would not be given a copy of the transcript unless he was first willing to sign the original. Stuckey stated that while his action in excluding a personal stenographer was taken pursuant to Section 9355, Subparagraph 4 of the Internal Revenue Service Manual, which he described as classified material, the requirement that the witness sign the original transcript before receiving a copy thereof was merely a matter of administrative policy. In my opinion this policy of requiring a witness to sign the original transcript before receiving a copy thereof is unwarranted and is contrary to the plain import and purpose of the Administrative Procedure Act. In United States v. Smith, supra, the Court stated:

"The Act is intended to establish uniform standards of fairness for the dealings of administrative bodies with the citizen. Where two interpretations are possible, one of which would narrow, the other broaden, the categories of citizens touched by the administrative process to which protection is extended, we should prefer the broader interpretation."

Section 1005(b) of Title 5 provides that a witness may procure a copy of the transcript " * * * except that in a nonpublic investigatory proceeding the witness may for good cause be limited to inspection of the official transcript of his testimony." Under this section of the Act the witness should be furnished a copy of the transcript without first being required to sign the original, or in any other manner placed upon terms by virtue of a policy of the investigating agency.[1] The broad investigatory powers vested in the Internal Revenue Service by virtue of Section 7602 should be ex-

1. In these proceedings we are dealing merely with the question of an administrative policy and it would seem appropriate to refer to the observation of the Court in Backer v. C. I. R., supra, 275 F.2d at page 144:

"In any event, we are not here dealing with an attempted limitation on the generality of the right guaranteed under the Administrative Procedure Act by a formally adopted department regulation."

ercised with propriety and fairness, and should be conducted within the limits of the appropriate provisions of the Administrative Procedure Act. Under this Act the witness should be furnished a copy of the transcript of his testimony without being subjected to any unreasonable conditions. The copy may be denied him only for "good cause" and to my mind the refusal to sign the original does not constitute "good cause" within the meaning of the statute.

Accordingly counsel may prepare an order requiring the respondents to appear before the Special Agent of the Internal Revenue Service in response to the summonses at such time and place as he may designate within the next thirty (30) days, subject to the following provisions: (1) that respondents may be accompanied by counsel should they so desire; (2) that they may not have present at the hearing any personal stenographer or reporter; and (3) that they be furnished a copy of the official transcript of their testimony without first being required to sign the original thereof.