**UNITED STATES of America,**

v.

**Herbert Johannes STEEL and Alice Jayson, a/k/a Alice Jacobsohn, Defendants.**

United States District Court
S. D. New York.
Jan. 20, 1965.

See also 238 F.Supp. 578.

Robert M. Morgenthau, U. S. Atty., for plaintiff, Michael F. Armstrong, Stephen L. Hammerman, Asst. U. S. Attys., of counsel.

Rabinowitz & Boudin, New York City, for defendant Alice Jayson, Arthur Schutzer, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant Alice Jayson (1) to dismiss the indictment because of alleged "defects in the institution of the prosecution" (Fed.R.Crim.P. 12(b) (2)) or, alternatively, (2) to obtain a hearing "in aid of determination

of this motion", etc. The motion is also (3) to suppress as evidence all evidence secured by the Securities and Exchange Commission (the "Commission") in alleged violation of movant's constitutional rights to counsel of her own choice. Fed. R.Crim.P. 41(e).

On August 18, 1964, co-defendants Steel and Jayson were charged in a twenty-two count indictment. Movant was named with co-defendant Steel in counts 1 through 11 and was named alone in counts 21 and 22. Count one charges movant with conspiracy to violate the Securities Act of 1933 (15 U.S.C. § 77a and following; the "1933 Act") in respect of transactions in unregistered securities and to violate the mail fraud statute (18 U.S.C. § 1341). The other counts charge movant with substantive violations of the 1933 Act and with making false statements in a matter within the jurisdiction of the Commission (18 U.S.C. § 1001). The securities involved are those of Alaska International Corporation ("Alaska"). Both defendants pleaded not guilty on August 25, 1964.

By order dated July 29, 1959 (later supplemented and amended by other orders), the Commission directed an investigation and designated officers to take testimony in the matter of Alaska, M. J. Reiter Company, and Best Securities, Inc. The order was said to be "pursuant" to Sections 19(b) and 20(a) of the 1933 Act (15 U.S.C. §§ 77s(b) and 77t(a)) to determine whether Alaska and the two other companies had violated Sections 5(a), 5(c), and 17(a) of the 1933 Act (15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)).

In response to a subpoena movant appeared on October 12, 1962, before officers of the Commission. Her appearance was in the offices of Lubell & Zito, attorneys, and there was present with her Arthur Lubell, Esq., of that firm, who noted his appearance as her counsel. She had been, but was not then, an officer of Alaska; Mr. Lubell was then general counsel to Alaska and had been since April, 1960.

Before being sworn, movant was advised by the Commission officers (among other things) that she had a right to refuse to answer any question which might incriminate her, and that any evidence given by her could be used against her.

After some testimony and colloquy, the Commission officers determined that representation by Mr. Lubell of movant and also Alaska at the same time would tend to hinder the investigation. Attention was drawn to Rule 3(c) of the Commission which as it then stood was as follows (25 Fed.Reg. 6729 (July 15, 1960); 17 CFR § 201.3 (revised as of January 1, 1964)):

> "(c) *Counsel for Witnesses in Investigations.* Any person compelled to appear in person at an investigation designated in paragraph (a) of this rule may be accompanied, represented and advised by counsel, but such counsel may not represent any other witness or any person being investigated unless permitted in the discretion of the officer conducting the investigation or of the Commission upon being satisfied that there is no conflict of interest in such representation and that the presence of identical counsel for other witnesses or persons being investigated would not tend to hinder the course of the investigation."

It was left to Mr. Lubell to decide whether to represent movant or Alaska and there was an adjournment for that purpose, it being made clear that if Mr. Lubell decided to represent Alaska, movant would have to secure independent counsel.

Mr. Lubell evidently elected to represent Alaska and not movant.

On October 19, 1962, movant appeared before the Commission officers at the New York offices of the Commission. She had no lawyer as a result of her own decision. She said that the value to her of Mr. Lubell was because he "knows about the situation, about the corporation" and made it clear that his value to her was not for any legal advice but be-

cause "he knows something I don't know, or remembers something I can't remember" (Transcript, p. 64). She claimed her rights were being infringed. She was again warned that any evidence she gave could be used against her and was again advised that she could refuse to answer any question which might incriminate her, etc. She then testified voluntarily.

Thereafter, as above set forth, an indictment against movant was returned.

The claim that constitutional rights of movant were violated is entirely without merit.

[redacted] The Sixth Amendment, invoked for movant, provides for assistance of counsel in all "criminal prosecutions". The investigation by the Commission was obviously not a criminal prosecution. Hannah v. Larche, 363 U.S. 420, 440 n. 16, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).

[redacted] The Fifth Amendment, invoked for movant, prohibits deprivation of life, liberty, or property, "without due process of law". But when a government agency is conducting an *investigation,* as here, in contrast to making an adjudication, "due process" does not require granting to those being investigated "rights * * normally associated only with adjudicatory proceedings". Hannah v. Larche, above at 442, 80 S.Ct. at 1515. See also F. C. C. v. Schreiber, 329 F.2d 517, 526 (9th Cir. 1964).

[redacted] It seems entirely clear that no *constitutional* rights of movant would have been violated if the Commission had declined to permit any assistance of counsel to her. It must be remembered that full explanation of the proceedings was made to her by the Commission officers, her constitutional right not to be compelled to incriminate herself was stated to her and fully protected.

If movant had any right to counsel at the investigation by the Commission, it was a statutory right under Section 6(a) of the Administrative Procedure Act (5 U.S.C. § 1005(a)), in relevant part as follows:

[redacted]

> "Any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied * * * by counsel * * *."

Whether the Administrative Procedure Act applies to an *investigation* by an agency (as opposed to an adjudicatory proceeding) has never been decided by the Supreme Court. It has been argued that in Hannah v. Larche, above, the Supreme Court by implication held the Act inapplicable to an investigation. See F. C.C. v. Schreiber, above 329 F.2d at 525–26.

[redacted] Assuming that the Administrative Procedure Act does apply to investigations, nothing in Rule 3(c) of the Rules of Practice of the Commission and nothing done here was any denial of counsel. The Commission officers merely ruled that Mr. Lubell could not at the same time in the same investigation represent both movant and Alaska. The order for investigation had named Alaska as a subject of the investigation; movant had been, but was not at the time, an officer of Alaska. Mr. Lubell was then and for some time had been general counsel to Alaska. Movant was free to select any counsel of her choice other than Mr. Lubell. Movant could not insist on Mr. Lubell when Rule 3(c) and the conclusion of the Commission officers reasonably required that he be ineligible (after his choice to represent Alaska). True, the classic statement is that "the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice". Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). But this was said in a criminal prosecution and in a constitutional context. Even in such cases, there can be reasonable limitations on the selection of counsel. United States v. Dardi, 330 F.2d 316, 335 (2d Cir. 1964), cert. denied 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50 (October 12, 1964); Smith v. United States, 53 App.D.C. 53, 288 F. 259 (1923).

578

In tax investigations it has been held to be no violation of Section 6(a) of the Administrative Procedure Act to require that a third party witness select as counsel some one other than counsel for the taxpayer. So ruled District Judge (now Circuit Judge) Smith in United States v. Smith, 87 F.Supp. 293 (D. Conn. 1949). The same conclusion was reached in Torras v. Stradley, 103 F.Supp. 737 (N.D. Ga. 1952). But cf. Backer v. Commissioner, 275 F.2d 141 (5th Cir. 1960).

The argument for movant that disqualification of Mr. Lubell was a violation of Rule of Practice 3(c) of the Commission is scarcely worth notice. That Rule is itself entitled: "Counsel for witnesses in investigations". Moreover, Sections 19(b) and 20(a) of the 1933 Act, under which the investigation was ordered, are expressly "designated" in Rule 3(a). The word "pursuant" in Rule 3(a) deals not with the subject matter of the investigation, but rather with the statutory authority to conduct investigations in general.

The motion is in all respects denied.

So ordered.