In the Matter of H. HENTZ & Co., Respondent, *v.* LOUIS. J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant.

First Department, February 18, 1965.

*Samuel A. Hirshowitz* of counsel (*Meyer H. Mencher* and *Fred L. D'Ambrosi* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellant.

*Donald Marks* of counsel (*Baer, Marks, Friedman & Berliner,* attorneys), for respondent.

*Per Curiam.* The Attorney-General of the State of New York appeals from an order of Special Term enjoining him from proceeding with an examination of a witness subpœnaed in an investigation being conducted under the Martin Act (General Business Law, art. 23-A) — unless the witness is permitted to appear with counsel of his own choice.

The investigation being conducted by the Attorney-General concerned alleged fraudulent practices in certain transactions occurring in the commodities market in 1963, including inquiry

into whether there existed a plan to effect a manipulation of the market to the detriment of the public. Upon the return date of the subpœna, the witness — petitioner herein — appeared with an attorney, who was a member of a law firm which had represented the witness for many years. Before the return date, that same firm of attorneys had represented three other witnesses in the same investigation. The Assistant Attorney-General conducting the investigation informed the attorney for petitioner that he would not be permitted to remain and represent the witness.

The reason assigned by the Attorney-General for excluding petitioner's counsel was that it was the policy of the Attorney-General that no one firm of attorneys would be allowed to represent more than a single witness in an investigation under the Martin Act since such an attorney might find himself in a conflict of interest, and would entail a violation of the nondisclosure provisions of the Martin Act. (General Business Law, § 352, subd. 5.) The witness refused to be examined in the absence of counsel of his own choice; the hearing was adjourned, and the instant proceeding was commenced to test the validity of the conflicting claims.

It is not necessary to reach the question of the right of a witness subpœnaed under the Martin Act to the presence of counsel in the hearing room.[1] It is the general practice of the Attorney-General to permit any witness appearing under the Martin Act to have counsel present in the hearing room. This case must, therefore, be decided in the light of that admitted practice and not upon any theoretical right to counsel.

There is no merit to the Attorney-General's attempt to justify his determination not to permit the same counsel — who represented other witnesses — to appear for petitioner on the ground that such procedure would be inconsistent with the requirement that examinations be secret and confidential. (General Business Law, § 352, subd. 5.) Unauthorized disclosure of information obtained by a witness at such an inquiry is made a misdemeanor. The same counsel appeared for three other witnesses and there

---

1. We note however that in *Matter of Groban* (352 U. S. 330 — a 5 to 4 decision) upon which the Attorney-General relies — a witness, subpœnaed before an Ohio Fire Marshal investigating the cause of a fire on premises owned by the witness, was denied the right to counsel. The Attorney-General is given power under section 358 of the General Business Law to institute criminal prosecutions against persons suspected of fraudulent securities practices, or for any other crimes disclosed in the course of an investigation under the Martin Act (see *People* v. *Bradick,* 16 Misc 2d 1080). Whether *Escobedo* v. *Illinois* (378 U. S. 478) will have any impact on the continued vitality of *Groban,* remains to be determined. (See 49 Minn. L. Rev. 47, 75–76.)

is no proof submitted that the attorney in any way has violated the restrictions of the statute against disclosure.

Since a witness, under the practice of the Attorney-General, is allowed counsel, the sole question is whether the Attorney-General may circumscribe that right by rejecting the witness' choice of counsel. The precise issue was presented in *Backer* v. *Commissioner of Internal Revenue* (275 F. 2d 141 [C. A. 5th]) where an accountant, who had assisted a taxpayer with the preparation of tax returns, was subpoenaed to appear before a Special Agent of the Internal Revenue Service. It was there held that the accountant, over the objection of the Special Agent, could be represented by the same counsel who had appeared for the taxpayer. The court there said (p. 144): "The term 'right to counsel' has always been construed to mean counsel of one's choice [citing cases]."

We hold that since petitioner was afforded the right to counsel or at least the privilege of counsel, it follows that he had the right to counsel of his own choice. Unless cogent evidence is produced to indicate that counsel of a witness' choice is impeding or hindering the course of an investigation, the Attorney-General should not be permitted to veto a choice of counsel. To be effective, the right to counsel must include the right to a free and untrammeled choice of counsel.

We have alluded to the lack of substance to the objection of the Attorney-General that to permit petitioner's choice of counsel would be inconsistent with the purpose of keeping the examinations secret and confidential. Equally untenable is the claim of a possible conflict of interest. If there were such a conflict of interest, it would have been apparent to petitioner's counsel, who would then be duty bound to disqualify himself or on a proper record on application he could be disqualified. The attorney, as an officer of the court, will, on the present record, not be presumed to have violated his professional obligation.

Under the circumstances of this case, Special Term properly held that petitioner-respondent was entitled to appear at the investigation with counsel of his own choice. The order should therefore be affirmed, but without costs or disbursements.

RABIN, J. (dissenting). I dissent and vote to reverse the order enjoining the Attorney-General from proceeding pursuant to the subpoena duces tecum herein.

While the majority does not reach the question of the right of a witness to counsel in this investigatory proceeding, it seems to indicate that if it had reached it the case of *Matter of Groban* (352 U. S. 330) would control. I agree and consequently we may not hold that there is a right to counsel in this proceeding.

However, the majority holds that the Attorney-General, having elected to allow counsel, thereby conferred upon the witness a right to counsel and that such right may not be circumscribed. I do not agree. The word " right " should not be confused with the word " privilege " or " permission ". My difference with the majority view stems from my conclusion that, since the Attorney-General could have completely excluded counsel, the witness is not aggrieved by a determination to grant it a limited privilege of representation. It does not follow that merely because the Attorney-General was willing to permit the witness to appear by counsel, he thereby conferred upon the witness a " right " to counsel in the classic and fullest constitutional sense of the word. At best he confers a privilege upon the witness.

It is also asserted that since the practice of the Attorney-General has been to permit counsel to appear at proceedings of this type it would be improper to impose restrictions in this particular instance absent strong evidence that the continuance of such practice would impede or hinder the investigation.[2] I do not believe that the Attorney-General must show with specification how such impediment or hindrance will be occasioned. That is a judgment he himself must make in the light of all the circumstances and absent a clear showing of arbitrariness his conclusion in that regard should remain undisturbed. Absent an absolute right to counsel, the courts should not and may not broaden the privilege granted by the Attorney-General. The Attorney-General is responsible for this investigation and not the courts. In any event, the courts should refrain from intervention in a case such as this where it appears that the Attorney-General's determination is bona fide and not an unreasonable one.

Nor do I believe that simply because the Attorney-General permitted this attorney to appear on three prior occasions a continuance of that privilege is mandated. It may very well be that the Attorney-General has now concluded that an additional appearance, in the light of what has gone before, would be detrimental to the investigation. This is an area in which the Attorney-General's judgment should be accepted.

In any event even were I able to adopt the view of the majority of this court I would nonetheless adhere to my determination that the order should be reversed because I believe the witness

---

2. It is to be noted that if the witness in fact had the constitutional "right" to counsel such "right" could not be limited by the Attorney-General and it would appear to be of no consequence whether or not the presence of particular counsel impeded or hindered the investigation.

would not be adversely affected by a refusal to permit counsel. The subpœna duces tecum here involved called only for the production of books and records. Such books and records could have been produced at the hearing by anyone in the petitioner's employ so long as such person could identify them. If it were felt that any of the books or records — and that is the only thing with which we are here concerned — were immune from the Attorney-General's scrutiny for any reason, counsel, in advance, could have directed the company to withhold them and the propriety of the subpœna with respect to those items could have been tested in a proceeding initiated for that purpose. Thus the witness could have adequate protection without the necessity for its counsel to be present at the hearing.

BREITEL, J. P., VALENTE and STEVENS, JJ., concur in *Per Curiam* opinion; RABIN, J., dissents in opinion in which STALEY, J., concurs.

Order entered on December 17, 1964 affirmed, without costs and without disbursements.

