Charles SMITH and Irene Smith, Petitioners,

v.

UNITED STATES of America and David M. Satz, Jr., United States Attorney for the District of New Jersey, Respondents.

Civ. A. No. 1066–65.

United States District Court
D. New Jersey.

Feb. 25, 1966.

David M. Satz, Jr., U. S. Atty., by Matthew J. Scola, Asst. U. S. Atty., for respondents.

Herbert L. Zuckerman, Newark, N. J., for petitioners.

### WORTENDYKE, District Judge.

Federal income taxpayers, husband and wife, have filed their verified petition in this Court seeking a return of what they denominate "evidence illegally taken from the petitioners. * * *" They invoke this Court's jurisdiction in equity, and seek relief by mandatory injunction for the return of the evidentiary material, and to prevent respondent United States Attorney from presenting the evidence so secured to a Federal Grand Jury for the purpose of securing a criminal indictment. On October 1, 1965 the Court ordered that the respondents Show Cause why the petitioners should not be afforded the relief which they seek.

Upon its return, the Order to Show Cause was discharged and the petition dismissed; but the Court undertook to embody in a written opinion the grounds for its decision. This memorandum embodies such grounds.

The facts are contained in the affidavit of petitioner Charles Smith, annexed to the petition, and in what purports to be a partial transcript of his testimony given at the office of the Intelligence Division, Internal Revenue Service, on April 3, 1963. It is therein disclosed that on April 3, 1963 he was asked by a Special Agent of the Intelligence Division of the Internal Revenue Service to appear before him to answer questions about his income tax matters for 1959 and 1960. At this questioning there were present, besides the Special Agent, Hoffman, a reporter and a Revenue Agent, Gadek. Smith produced no representative at the hearing. He states that, at the beginning of the questioning, the Special Agent informed him that he, Smith, had the right to refuse to answer any question which might tend to incriminate him, and then proceeded to question him respecting the subject matter stated in the notice which produced his attendance. Smith further states that in the Spring of 1964 he employed an Attorney to accompany him to the same office where he had been questioned for the purpose of procuring a copy of the "Question and Answer Statement given by me about one year before. At this time I signed a copy of such a statement, made some corrections and initialed each page." Smith adds that annexed to his affidavit is a copy of page 1 of the transcript of the interrogation of April 3, 1963. It appears therefrom that the Special Agent on that occasion propounded to Smith the following questions and received from him the following answers.

"1. Q. Mr. Smith, you have been requested to appear at this office in connection with your income tax liabilities for the years 1959 and 1960. Are you willing to answer my questions under oath? A. Yes.

2. Q. Mr. Smith, it is my duty to advise you that under the Constitution of the United States you have the right to refuse to answer any question which may tend to incriminate you under the laws of the United States, and to inform you that anything you say, or any evidence that you produce at this hearing, may be used against you in any proceeding, criminal or otherwise, which may hereafter be undertaken by the United States Government. Do you fully understand this? A.

Yes. I will answer these questions to the best of my ability and my knowledge that I can recall all the way through. I have nothing to hide whatsoever."

Petitioners contend that the interrogation complained of violated petitioners' Federal Constitutional Right under the Sixth Amendment which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

The Court has also been furnished with a copy of a transcript of further proceedings at the office of the Internal Revenue Service on April 15, 1965, attended by Smith, his Attorney, Murray M. Weinstein, Esq., A. William Furst, Special Agent, Internal Revenue Service, Alexander Dombrowski, Special Agent, Internal Revenue Service, and Dorothy T. Bielecki, as Reporter. That transcript discloses that after having read his question and answer statement of April 3, 1963, Smith expressed the desire to make certain additions and corrections to his answers given on that prior occasion. These questions and answers were taken up seriatim by the Special Agent with Smith, and he was afforded the opportunity to modify the answers which he had previously given to each of the questions which had been asked. At the conclusion of his review of those questions and answers, and the acceptance by the Special Agent of the modifications of his previous answers thereto, Smith was asked whether there was anything further which he desired to add to the statement. He answered that there was "nothing else that I can say."

Respondents contend that:

1. Subject-matter jurisdiction is precluded by reason of the sovereign immunity of respondents;

2. Charles Smith intelligently and effectively waived any Sixth Amendment Rights;

3. The decisions in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and in U. S. ex rel. Russo v. State of New Jersey, 3 Cir. 1965, 351 F.2d 429, are inappropriate because such evidence as may have been obtained from Smith on April 3, 1963 did not tend to incriminate either of the petitioners.

Annexed to the Government's brief is a copy of the letter containing the request to Smith to appear for the interrogation complained of. That letter, which was dated March 26, 1963 and signed by the Chief of the Intelligence Division of the Internal Revenue Service, reads as follows:

"In connection with an official investigation concerning your income tax liability for the years 1959 and 1960, you are being afforded an opportunity to appear for an interview by Special Agent Harry E. Hoffman at the office of the Chief, Intelligence Division, 1060 Broad Street, Room 634D, Newark, New Jersey, on Wednesday, April 3, 1963 at 1:00 p. m.

You may appear with counsel, if you so desire, or with any other person who may have knowledge of the facts in your case whom you wish to be present.

Please bring with you all your records in support of your income tax returns for the years 1959 and 1960."

Respondents represent and petitioners do not deny that additional conferences between Charles Smith and Agents of the Internal Revenue Service were held on April 21 and 24, 1964 and on May 18, 1965; the last conference being at the office of the Department of Justice in Washington, D. C. At each of these conferences, counsel for the petitioners was present.

Upon the question of jurisdiction and the contention of the respondents that it is lacking by reason of their sovereign immunity, petitioners rely upon Smith v. Katzenbach, 351 F.2d 810 (D.C.Cir. 1965). The respondents rely upon Larson v. Domestic and Foreign Corp., (1949), 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.

■ The proceeding complained of was a fact-finding, non-adjudicative investigation by an administrative agency. The right of petitioners to counsel on the first interrogation, if that right existed, was not a constitutional right. If, as the uncontradicted facts disclose, petitioners waived the right or privilege of having counsel on that occasion, the source of the right or privilege becomes immaterial.

■ This is not a case in which petitioners may properly invoke the protections of the Sixth Amendment of the United States Constitution. The Sixth Amendment is specifically limited to "criminal prosecutions." "There is no criminal prosecution here, no accused, not even a hearing, only an investigatory fact-finding proceeding." C. I. R. v. Backer, 178 F.Supp. 256, 257 (M.D.Ga. 1959) citing Torras v. Stradley, 103 F. Supp. 737, 739 (N.D.Ga.1952). C. I. R. v. Backer, supra, reversed on other grounds, 275 F.2d 141 (5 Cir. 1960). Tax investigations, such as the one conducted here, are authorized by 26 U.S.C. §§ 7601, 7602, and 7605 (similar provisions having been provided in the 1939 Internal Revenue Code). These investigations are of a fact-finding, non-adjudicative nature. In re Albert Lindley Lee Memorial Hospital, 209 F.2d 122, 123 (2 Cir. 1953); United States v. Summe, 208 F.Supp. 925, 926 (E.D. Ky.1962). They are not judicial proceedings. In re Albert Lindley Lee Memorial Hospital, supra. The petitioners' right to counsel in this case, *if it exists at all*, is founded upon the Administrative Procedure Act, 5 U.S.C. § 1005(a), and *not* upon the Sixth Amendment guarantee of the United States Constitution. United States v. Smith, 87 F.Supp. 293, 294 (D.Conn. 1949); Backer v. C. I. R., supra, 275 F.2d at 144; In re Neil, 209 F.Supp. 76, 77 (S.D.W.Va.1962); See also F. C. C. v. Schreiber, 329 F.2d 517, 524 (9 Cir. 1964). In all the cases immediately above cited, the witnesses were *under compulsion to appear*, and the right to counsel pursuant to the Administrative

Procedure Act was sustained. However, in the present case the taxpayer was not under compulsion to appear but rather *appeared voluntarily* pursuant to " * * an opportunity to appear for an interview * * * " as set forth in a letter to him from the Intelligence Division, dated March 26, 1963. In this situation, where the taxpayer *appears voluntarily*, there is a question as to whether there is any *right* to counsel at all. See F. C. C. v. Schreiber, supra, 329 F.2d at 535, footnote 32, paragraph 2. Indeed, as to persons *compelled* to appear, the Supreme Court has not decided the question as to whether the Administrative Procedure Act affords the right to counsel in a *fact-finding non-adjudicative investigation*. F. C. C. v. Schreiber, supra, 329 F.2d at 526; United States v. Steel, 238 F.Supp. 575, 577 (S.D.N.Y.1965). What then of persons who are *not compelled* but who appear voluntarily? This is a question we need not decide, and we do not do so. Suffice to say that the authorities support the proposition that proceedings such as those in this case are not "criminal prosecutions." Therefore, petitioners have no claim here upon the protection of the Sixth Amendment to the United States Constitution. In addition, the right to counsel here, if it exists at all, is grounded in the *statutory* requirements of the Administrative Procedure Act and *not* in the guarantees of the Sixth Amendment to the United States Constitution.

Petitioners' reliance upon cases concerned with the Sixth Amendment to the United States Constitution is therefore misplaced. See Kohatsu v. United States, 351 F.2d 898 (9 Cir. 1965).

■ The doctrine of sovereign immunity does not preclude this Court's jurisdiction. The doctrine cannot be successfully claimed here. Jurisdiction has been traditionally and historically conferred in two pertinent types of cases involving the doctrine of sovereign immunity. (1) The courts have entertained suits where the allegation was that a Government official threatens to act, or had acted, in excess of his statutory au-

thority, i. e., in an unconstitutional manner. Work, Secretary of the Interior v. Louisiana, 269 U.S. 250, 254, 46 S.Ct. 92, 70 L.Ed. 259 (1925). (2) The courts have entertained suits where the allegation was that a Government official threatens to act, or had acted, under an authority not validly conferred, i. e., the statute or order which conferred power was unconstitutional. Rickert Rice Mills v. Fontenot, 297 U.S. 110, 113, 56 S.Ct. 374, 80 L.Ed. 513 (1936). *The crucial question under the doctrine of sovereign immunity is whether the relief sought, in a suit nominally addressed to a Government official, is in actuality relief against the sovereign.* Larson v. Domestic and Foreign Corp., supra, 337 U.S. at 687, 69 S.Ct. 1457; Malone v. Bowdoin, 369 U.S. 643, 648, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). If it is relief sought against the sovereign, the suit is barred because the court, *in the absence of consent,* has no jurisdiction. Larson v. Domestic and Foreign Corp., supra. The two types of cases previously outlined here involved either (1) a situation where a Government official presumed to act within the statutory authority granted but exceeded such authority by acting in an unconstitutional manner, or (2) the power-conferring statute or order was itself unconstitutional. In the present case, petitioners do not allege either of these situations, but rather aver the denial of a fundamental right which, if the claim is valid, goes to the very nature of the tax investigation, without regard to the use of excessive authority or the presence of an unconstitutional statute or order. Here, petitioners do not allege that the Agents exceeded their statutory authority in regard to their authority to *merely conduct* an investigation, nor do they allege that the statute which conferred that authority was unconstitutional. Petitioners seek the protection of " * * * a basic Constitutional Right * * * ",[1] the guarantee of the right to counsel in a criminal prosecution. *In effect, the petitioners concede the lawful authority to conduct the investigation, but allege that, in the process of doing a lawful act, the Agents violated the petitioners' constitutional rights by conducting the investigation when petitioners were without the assistance of counsel.* The right to counsel in this type of investigation, if it exists at all, is a statutory right and *not* a constitutional right. Petitioners have not set forth the unconstitutional exercise of power within the framework of either the power-conferring legislation or the exercise of power pursuant thereto. In the absence of a claim of constitutional or statutory limitation, a court may dismiss a suit *if it falls within the doctrine of sovereign immunity*; but this is not such a suit.

Because the mandate of the Sixth Amendment is addressed to all (including Government officials), petitioners' claim here certainly cannot be characterized as wholly insubstantial and frivolous. The doctrine of sovereign immunity should *not* be invoked here. Despite the fact that petitioners do not allege either of the two situations under which jurisdiction usually arises, petitioners do allege the violation of a constitutional safeguard which, in a proper case, is binding upon all (including Government officials). Alleged unconstitutional conduct by Government officials which goes to the very core of due process should always be the subject of scrutiny by the courts. The Sixth Amendment's guarantee of the right to counsel is within the intendment of the "due process" clause of the Fifth Amendment. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1252, 12 L.Ed.2d 290 (1964); Escobedo v. State of Illinois, supra. In rare and special instances, the "due process" clause of the Fifth Amendment is a limitation upon the Federal taxing power itself. See Magnano Co. v. Hamilton, 292 U.S. 40, 44, 54 S.Ct. 599, 78 L.Ed. 1109 (1934).

---

1. Language taken from Petitioners' Brief, p. 9.

Although the action of the Agents here complained of is regarded as action of the Government warranting invocation of the Sixth Amendment's right to counsel, the petitioners' motion directed against Government officials should *not* be barred because of the Government's lack of consent to suit. For this purpose, the proceeding should be regarded as one directed against individuals who, because of their alleged unlawful action, should not be permitted to claim for themselves the benefit of the Government's immunity to suit. United States v. Lee, 106 U.S. 196, 217–220, 1 S.Ct. 240, 27 L.Ed. 171 (1882); Land v. Dollar, 330 U.S. 731, 736, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); Smith v. Katzenbach, supra.

Having noted that this Court has jurisdiction to entertain this suit, and having previously noted that petitioners' allegation of the denial of counsel is not well-founded, the motion to suppress is accordingly denied.