SECURITIES AND EXCHANGE COMMISSION, Appellant and Cross-Appellee,

v.

Charles Y. HIGASHI, Appellee and Cross-Appellant.

Don JENKS, Appellant,

v.

SECURITIES AND EXCHANGE COMMISSION, Appellee.

Nos. 20061, 20062.

United States Court of Appeals Ninth Circuit.

March 29, 1966.

Dan S. Bushnell, Salt Lake City, Utah, for appellants Higashi and Jenks.

Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Martin D. Newman, Atty., Securities & Exchange Comm., Washington, D. C., Frank E. Kennamer, Jr., Asst. Gen. Counsel, Securities & Exchange Comm., San Francisco, Cal., for Securities and Exchange Commission.

Before BARNES, BASTIAN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

These two appeals have been consolidated. We shall deal separately with the issues presented.

### HIGASHI CASE

The Administrative Procedure Act, § 6(a),[1] grants the right to counsel to any witness subpoenaed to appear before any Federal agency.

The Securities and Exchange Commission, by rule,[2] has provided that unless permitted no counsel for a witness "shall be permitted to be present during the examination of any other witness called during the proceeding."

The question presented is whether this rule violates the statutory right to counsel when, by its invocation, a witness is precluded from choosing as his counsel one who has already acted as counsel

---

1. "Any person compelled to appear in person before any agency or representative thereof shall be accorded the right to be accompanied, represented, and advised by counsel, or if permitted by the agency, by other qualified representative." 5 U.S.C., § 1005(a).

2. Rule 7(b) of the Commission's Rules Relating to Investigation, 17 C.F.R. 203.7(b), provides:

"Any person compelled to appear, or who appears by request or permission of the Commission, in person at a formal investigative proceeding may be accompanied, represented and advised by counsel, as defined in Rule 2(b) of the Commission's Rules of Practice; provided, however, that all witnesses shall be sequestered, and unless permitted in the discretion of the officer conducting the investigation no witnesses or the counsel accompanying any such witness shall be permitted to be present during the examination of any other witness called in such proceeding."

for a witness called to testify earlier in the proceeding.

This case arose in connection with the Commission's investigative proceeding In the Matter of Silver King Mines, Inc. and Kay L. Stoker. The Commission served respondent Charles Higashi, a director of Silver King Mines, with a subpoena duces tecum and also informed him that it was invoking its sequestration rule so as to prevent Dan S. Bushnell, corporate attorney for Silver King Mines, from representing him at the hearing. Mr. Bushnell, who had previously appeared as counsel for other witnesses in this proceeding, immediately notified the Commission that his client, Mr. Higashi, would not obey this subpoena. Securities and Exchange Commission subpoenas are only enforceable after the Commission has successfully applied to a United States Court for an enforcement order. Securities Act of 1933, § 22(b), 48 Stat. 87 (1933), 15 U.S.C. § 77v(b) (1964), and Securities Exchange Act of 1934, § 21(c), 48 Stat. 900 (1934), 15 U.S.C. § 78u(c) (1964). The Commission's request for an order enforcing the subpoena was granted by the District Court, but on the condition that Mr. Bushnell be permitted to represent Mr. Higashi at the hearing. The Commission has appealed from this court-imposed condition.

On October 24, 1962, the Commission ordered this investigation to determine, inter alia, whether in the offer and sale of shares of Silver King Mines, Inc., "Kay L. Stoker and others" had violated or were about to violate the registration and anti-fraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. Stoker is a director, the principal promoter and a substantial stockholder of Silver King Mines. In addition to his duties as corporate attorney for Silver King Mines, Mr. Bushnell also serves as attorney for Kay L. Stoker.

The reason for and purpose of the Commission's sequestration rule are clear and there can be no question as to its necessity and general propriety. The Commission points out that violations of Federal securities laws are often difficult to detect and require extensive investigation; that it may be necessary to determine whether or not individuals are acting in concert; that investigations frequently are sought to be frustrated by non-cooperation and even subornation of perjury; that the purpose of sequestration could be defeated by an attorney advising witnesses as to the testimony which had been given by others. The Commission regards its rule as a form of regulation of the practice at its bar and points to an earlier rule which recognized that advice to a witness-client by an attorney whose primary representation is of someone else may not be in the witness' best interests.[3]

■ The Commission insists that the question here, as in Federal Communications Commission v. Schreiber, 381 U.S. 279, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965), is "whether the exercise of discretion *by the Commission* was within permissible limits, and not whether the District Judge's substituted judgment was reasonable."

We agree that within those "permissible limits" the judgment of the Commission must prevail in the application of its rule. In our judgment, however, the question here is whether the Commission has exceeded those permissible limits by invocation of its rule in such a manner as to violate respondent's statutory right to counsel.

3. This court has noted in Charles v. United States, 215 F.2d 825, 827 (9th Cir. 1954): " * * * witnesses may, and often do, shape their testimony to match that given by other witnesses within their hearing. To prevent such matching of testimony is the prime purpose of putting witnesses under the rule." It has been held that secrecy is "necessary in an ongoing probe 'so that others under investigation and other prospective witnesses might not be warned of what has been asked and answered and so aided in thwarting the inquiry.'" In re Bonanno, 344 F.2d 830, 834 (2nd Cir. 1965), quoting United States v. Tramunti, 343 F.2d 548, 552 (2nd Cir. 1965).

The District Court in an opinion from the bench ruled that respondent, as a director of the corporation being investigated, "stands in a different position than that of the ordinary witness in the type of investigation being carried on by the SEC. Under the present thrust of the law of cases regarding the obligations and liabilities of directors, a director of a corporation may himself be held responsible for the acts of that corporation [4] * * * The corporation and Mr. Higashi have interests that may well be interests in common." The court concluded:

" * * * I find, since Higashi is a director of the corporation, that Higashi, as indicated, may well be under investigation himself as part and parcel of the investigation into the corporate activities in the sale of stock, that he is not the type of witness over whom the Commission can exercise Rule 7(b) and simply say that because Mr. Bushnell here has represented other witnesses that he, therefore, is barred from representing Mr. Higashi. And I rule that any attempt on the part of the examining officer to exclude Mr. Bushnell in the examination of Mr. Higashi—Higashi being a director of the company—is beyond the power of the Commission to determine. It is not within the discretion of the Commission in this case under these facts."

We agree. The right granted by the Administrative Procedure Act must be construed to mean counsel of one's choice. Backer v. Commissioner, 275 F.2d 141 (5th Cir. 1960). While this right may well be subject to Commission authority within permissible limits to disqualify counsel under its rule, cf. United States v. Steel, 238 F.Supp. 575 (S.D.N.Y.1965), those limits must be held to have been exceeded when the rule is invoked in such a case as this. Here the impact of the rule is not limited to its effect as sequestration upon the interests of those under investigation. Here the act of sequestration has a second and impermissible effect; it bears directly and prejudicially upon the interests of the witness himself. Since his interests are common with those of the corporation for whose acts he may be held responsible, to sequester corporation counsel is to deprive the witness of the services of the attorney most familiar with the source of his vulnerability.[5] This invocation of the rule exceeds the bounds and purposes of sequestration. It strikes not only at others who would use the witness' right to counsel for their own purposes; it strikes directly at the witness himself.

We conclude that the Administrative Procedure Act, § 6(a), 60 Stat. 241, 5 U.S.C. § 1005(a) (1964), prevents the SEC from invoking its rule of sequestration in this case.

Upon the appeal of the SEC the order of the District Court is affirmed.

### JENKS CASE

This appeal is from an order of the District Court requiring appellant to appear in response to a Commission subpoena issued in connection with the same

---

4. Both section 15 of the Securities Act of 1933, 15 U.S.C. § 77o, and section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, establish liability of controlling persons. The Commission's definition of a controlling person includes directors.

5. Indeed, under circumstances such as this the sequestering of corporate counsel may deprive a director of all effective representation. Where, as here, the interests of the witness and corporation are common, familiarity with a complicated corporate background would appear to be a prerequisite for effective representation. Independent counsel could only acquire such familiarity through the substantial expenditure of his time. The resulting cost may render corporate counsel the only adequately qualified counsel many directors can afford. On the other hand, where the director or corporation is willing and able to bear such additional costs, there is good reason to suppose that the parties would be able to accomplish through independent counsel exactly what the SEC's rule seeks to prevent. A rule which, except for a wealthy few, denies effective counsel is not permitted by the Administrative Procedure Act § 6(a), 60 Stat. 241, 5 U.S.C. § 1005(a) (1964).

investigative proceeding as concerned Higashi. Appellant's defense in the District Court was that there was no sufficient basis for the Commission's investigation and that its insistence upon proceeding amounted to harassment. This defense was rejected by the District Court. Higashi, in his case, had also defended upon this ground and has taken a cross-appeal from the court's rejection of it.

The court concluded that any harassment charged was not of the witnesses but of Silver King Mines and Stoker, and that such an issue was not a proper subject of consideration in proceedings to secure enforcement of subpoenas of these witnesses over opposition of the witnesses themselves.

We agree. Upon the cross-appeal of Higashi and the appeal of Jenks the order of the District Court is affirmed.

Tuttle, Chief Judge, dissented on motion to amend opinion.