## SMITH v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 7, 1922. Decided April 3, 1923.)

No. 3826.

1. **Criminal law ⬦⟹1166(10)—Refusal to wait arrival of defendant's counsel before impaneling jury held not reversible error.**

Where the judge of the police court, on setting a date for trial, had stated no further continuances could be granted for absence of defendant's counsel, but on the day set for the trial waited until the time he had been told defendant's counsel would be released from the Supreme Court, where he was trying a case, and then appointed another attorney to represent accused, and proceeded with impaneling of the jury and the swearing of the first witness before the regular attorney for accused appeared, and there was no showing that the rights of accused were not sufficiently protected, the conviction will not be reversed for failure to wait for the regular attorney, who made no attempt to secure another attorney to present for him motion for continuance.

2. **Criminal law ⬦⟹641(1)—Accused has right to be represented by counsel of own selection.**

One charged with crime is entitled to have the assistance of counsel for his defense, and to have an opportunity to select such counsel.

3. **Criminal law ⬦⟹1172(2)—Instruction Congress had provided for conviction on testimony of witness employed to buy liquor held not prejudicial.**

In a prosecution for violating the National Prohibition Act, an instruction not to acquit for the sole reason that a witness for the prosecution was employed to buy the liquor, though the jury should determine what credit to give to such witness, since Congress had provided "that it can be done that way," though incorrect, since no act of Congress specifically permits such practice, was not prejudicial, since it merely amounted to a statement that the law permitted such procedure, as it does.

Writ of Error to the Police Court of the District of Columbia.

John Smith was convicted of a violation of the National Prohibition Act, and he brings error. Affirmed.

J. A. O'Shea, of Washington, D. C., for plaintiff in error.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice (sitting in place of VAN ORSDEL, Associate Justice). The appellant, the defendant below, was convicted in the Police Court of the District of Columbia on an information in two counts charging a violation of the National Prohibition Act (41 Stat. 305). The first count charged appellant and one Latimer with an unlawful sale of intoxicating liquor; the second, with unlawfully possessing such liquor. Latimer was acquitted on both counts. Appellant was acquitted on the second count, but found guilty on the first. There are some 24 assignments of error, discussed under 8 points in the briefs.

On the 15th day of December, 1921, the appellant pleaded not guilty in the Police Court and demanded a trial by jury. He was represented

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by James O'Shea, his attorney, who also represented defendant Latimer. The case was thereupon set down for trial on December 22d. On that date it was further continued until January 12, 1922, because the jury had been excused. On January 12th it was continued by agreement of counsel until January 19th, but at the time the case was continued the court announced to the defendant that, owing to the congestion of the jury trial docket, no further continuance could be granted on account of the absence of the attorney for defendants in other courts, and that "the case would have to be tried upon the calling of the case on January 19th." When that date arrived the defendants' attorney was engaged in trying a case in the Supreme Court of the District, of which he informed the judge of the police court about noon, and advised him that he would appear in the police court as soon as he could get away from the Supreme Court. Thereupon the case was passed by the police court to the foot of the docket for that day, and in due course was reached between 3 and 4 o'clock in the afternoon.

At or before that time the judge of the police court received a telephone message from the Chief Justice of the Supreme Court, saying that defendants' counsel would be needed there for some 15 or 20 minutes longer. Thereupon further proceedings in the case in the police court were suspended for some 15 or 20 minutes. At the end of that time, defendants' counsel having failed to appear, the court announced that the trial could no longer be suspended, appointed J. William Shea, a member of the bar, but who was in no way associated with or related to said James A. O'Shea, to represent defendants in the cause, and proceeded to impanel a jury to try the case.

The attorney so appointed represented the defendants in the impaneling of the jury, and the record does not show that the defendants or the attorney so appointed made any objection to the action of the court in making such assignment. Thereupon a witness for the government was called to the stand. At this juncture defendants' original counsel, James A. O'Shea, appeared in court, learned what had been done, noted an exception to the court's going ahead with the case without counsel being present, gave notice that he intended to apply to this court for a writ of error, and then moved to quash the search warrant for reasons unnecessary to state, which motion was overruled, and exception allowed.

The attorney so appointed stated to the said O'Shea, when he came into court and found the former seated at the trial table, that he had protested against going ahead, but that the court had ordered him to do so. The trial then proceeded, and the said James A. O'Shea conducted the defense.

[1] 1. It is urged that in the proceedings in the police court above recited the constitutional rights of the defendant have been invaded, in that he was not allowed, in the impaneling of the jury, the assistance of counsel of his own selection, and cases where a defendant has been ordered to trial in the absence of counsel of his selection without counsel being assigned to represent him are cited in support of the claim.

[2] We agree with the proposition that an accused is entitled to have the assistance of counsel for his defense, which implies that he shall

have an opportunity to select such counsel, and further that, in the event of his failure so to do, counsel shall be assigned by the court, whose duty it shall be to render such assistance. On the other hand, the right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same. In this case the defendant and his chosen attorney had ample notice that the case would be proceeded with when reached on the date to which it had last been continued, and it was the duty of defendant or his counsel to then be present, prepared either for trial or to show cause for further continuance. If it were shown that the attorney assigned to represent the defendant was unsatisfactory to him, was incompetent, that he mismanaged the case so far as he had to do with it, or that in any way the defendant had been actually prejudiced by the assignment of counsel, we might feel inclined to hold that prejudicial error had been committed; but there is no such showing.

It is not suggested or claimed that counsel of defendants' selection was deprived of an opportunity to make any motion he may have desired, and he had full charge of the trial after the jury was impaneled. But if it can be said that the defendant was prejudiced in any undisclosed manner by the action of the police court, the answer is that the defendant and counsel of his selection are themselves responsible therefor. Had such counsel made application to the police court for a continuance of the case, or engaged some attorney to make such motion in his behalf at the time when or before the case was reached, and it had been denied, the question would have been presented that is discussed in other cases cited by the defendant. On the whole we are of opinion that under this point no sufficient reason appears for reversing the judgment below.

In reaching this conclusion we do not wish to be understood as approving the conduct of the police court. Due courtesy to a superior court and to a member of the bar in good standing should have suggested that a suspension of proceedings in the instant case to the following day might well have been granted.

[3] 2. As to the various other alleged errors, there is only one that seems to require consideration. It appeared during the trial that one of the principal witnesses for the prosecution had been employed to purchase intoxicating liquor of defendant, and he testified to such purchase. The court, in connection with this, said to the jury that, while it rested with them to say what weight they would give to the testimony of a witness so employed, it would not be proper for them—

"to say that simply by reason of that fact, and nothing else, you are not going to bring in a verdict of conviction. Congress has provided that it can be done that way."

Exception was allowed to the statement that Congress had thus provided. It is argued by the defendant that the National Prohibition Act does not contain any such provision, nor does the government contend that it does. This statement of the court was not strictly in accord with the fact, but, on the other hand, we fail to understand how the defendant could be prejudiced thereby. The jury were not told that Congress

had provided that agents so employed were to be regarded as credible, that their testimony should receive any special consideration or be given any special weight. What the statement really amounted to was that the law permitted such procedure, as it does, and that the weight to be given to the testimony of a witness when so employed was for the jury to determine.

The judgment below is affirmed.