Michael LEE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12923.

United States Court of Appeals District of Columbia Circuit.

Argued April 16, 1956.

Decided June 14, 1956.

---

Messrs. James J. Laughlin and Albert J. Ahern, Jr., Washington, D. C., for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, Lewis Carroll and Victor Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Greene, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Alleging that he was denied the right to choose his own counsel, appellant seeks reversal of his conviction of assault with intent to kill and assault with a dangerous weapon.

He was indicted on March 23, 1955, and, within a week, accompanied by Mr. Myer Koonin, an attorney who had filed an appearance on his behalf, was arraigned and pleaded not guilty. On April 15, 1955, Mr. David Smith also entered his appearance for appellant. The case, originally on the assignment judge's calendar for April 12, 1955, was continued several times and finally set down for trial on June 17, 1955, a Friday.[1] That morning Messrs. Koonin and Smith went before the Chief Judge of the District Court, then presiding in the calendar and assignment court, and requested permission to withdraw from the case. Appellant consented to their withdrawal and advised the Chief Judge that he had retained Mr. James K. Hughes to replace them. After noting that Mr. Hughes had stated earlier in the morning that he was ready to try the case, the Chief Judge permitted Messrs. Koonin and Smith to withdraw and assigned the case to another judge for trial that same day.

When he appeared before the trial judge, Mr. Hughes announced that he had represented the Government's chief witness in another proceeding and was therefore troubled about a possible conflict of interest. After hearing some of the circumstances, the trial court permitted Mr. Hughes to withdraw. The Assistant United States Attorney then advised the court that Messrs. Koonin and Smith, who were in the courtroom, had withdrawn that very morning and they were called to the bench. The Assistant United States Attorney urged that, since Messrs. Koonin and Smith had been excused on the "representation that Mr. Hughes was prepared to go to trial" and since the Government had gone to the trouble of bringing the complaining witness to court, one of the excused attorneys should be compelled to try the case. Mr. Smith, announcing that he had the same conflict of interest as Mr. Hughes, was excused again. Mr. Koonin informed the court that appellant did not want him or Mr. Smith as his counsel and, as a matter of fact, was threatening to denounce them to the Grievance Committee. He suggested that the trial be continued to Monday to permit appellant to select new counsel or have counsel appointed by the court. He said that appellant had expressed willingness to accept whoever might be appointed other than the two attorneys he had just discharged. The court replied: "Well, I don't think I would be able to satisfy him, either. I think you are elected." The court thereupon overruled Mr. Koonin's objections and directed him to conduct appellant's defense. After the prospective jury panel was sworn, the appellant arose and said: "Your Honor, I would like to have counsel of my own free choice." The court replied: "You have had that. Mr. Koonin was employed by you."

1. The record does not disclose the reasons for the various continuances, nor who requested them.

We must decide whether it was error to have assigned as appellant's counsel an attorney whom he had just discharged rather than continue the trial over the weekend to permit him to select his own counsel.

 It is a fundamental principle that an accused be permitted to choose his own counsel, the practice of assigning counsel being reserved for cases where the accused cannot or does not select his own. As we said in Smith v. United States, the accused's right to "the assistance of counsel * * * implies that *he shall have an opportunity to select such counsel,* and * * * *in the event of his failure so to do,* counsel shall be assigned by the court * * *."[2] The Supreme Court has held that a trial court's failure to provide "reasonable time and opportunity to secure counsel was a clear denial of due process."[3]

 Of course, as we pointed out in the Smith case, the accused's "right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same."[4] But appellant bore no responsibility for being without counsel on the eve of his trial. He had appeared for trial with counsel of his own choosing, and the record does not show that he had anything to do with that counsel's withdrawal by leave of court. However that withdrawal may have obstructed the processes of the court, such obstruction is clearly not chargeable to the appellant and cannot be made the occasion for denying him his constitutional right to counsel of his own choosing. Assuming the trial court has discretion in the matter of how much opportunity is to be afforded the accused for selecting counsel, we think it would abuse that discretion by refusing to continue the trial over a weekend for that purpose unless it clearly appeared that the accused would not find counsel of his own choosing. Should the court ultimately be obliged to appoint counsel, we assume that, however ill-founded appellant's objection, Mr. Koonin will not be reappointed.[5]

Reversed and remanded for a new trial consistent with this opinion.

---

2. 1923, 53 App.D.C. 53, 55, 288 F. 259, 260–261, emphasis supplied.

3. Powell v. State of Alabama, 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158; see Glasser v. United States, 1942, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680, and United States v. Bergamo, 3 Cir., 1946, 154 F.2d 31, 34; cf. In re Mandell, 2 Cir., 1934, 69 F.2d 830, 831 (counsel for trustee in bankruptcy).

4. 1923, 53 App.D.C. 53, 55, 288 F. 259, 261.

5. "The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously." In re Mandell, 2 Cir., 1934, 69 F. 2d 830, 831.