**STATE of Missouri, Respondent,**

v.

**Fred Leonard CRIDER, Appellant.**

**No. 52482.**

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Charles G. Hyler, Special Asst. Atty. Gen., Farmington, for respondent.

Jay White, Rolla, for appellant.

SEILER, Judge.

Defendant was charged with armed robbery with one previous felony conviction, convicted by the jury, sentenced by the court to thirty years' imprisonment, and appeals. Defendant is represented here by appointed counsel, who has briefed and argued the case. Defendant admitted the prior conviction, etc., in the hearing before the court on this aspect of the charge and no contention is made that the state failed to make a case for the jury on the armed robbery charge. There is evidence in the record from which the jury could find that defendant was one of two men who held up a farmer, in his bedroom, at night, at the point of a shotgun which they jabbed into his stomach, and made off with $27 and his watch, automobile, and car title.

Defendant claims error first in that he was not allowed twenty peremptory challenges (we take this to mean twelve, since the case was not tried in a city of more than 100,000 inhabitants, Sec. 546.180, subd. 2(1) [1]) inasmuch as death could result from the conviction, Sec. 560.135. However, the state, prior to voir dire, expressly waived the death penalty, as it may legally do and hence, defendant could only have received a sentence of from five years to life imprisonment, State v. Redding, (Mo.Sup.) 357 S.W.2d 103, and State v. Garrett, (Mo. Sup.) 282 S.W.2d 441. Defendant was therefore entitled only to eight peremptory challenges and a qualified panel of twenty-four jurors was sufficient, Sec. 546.180, subd. 1(2). Defendant contends the prosecuting attorney should not be allowed to waive the death penalty and thus limit to that extent the power of the court to determine the punishment under the habitual criminal statute, Sec. 556.280, but cites no authority in support of this proposition and we fail to see how defendant could have been prejudiced by elimination of a possible death sentence. We accordingly overrule defendant's first contention.

Defendant next contends that the trial court erred in denying defendant's request for the rule excluding witnesses from the courtroom, but it has frequently been held this is not a matter of right of the defendant and rests in the sound

1. All references to statutes are to RSMo 1959 and V.A.M.S.

discretion of the court, State v. Foster, (Mo.Sup.) 349 S.W.2d 922, 923, and State v. Lord, (Mo.Sup.) 286 S.W.2d 737, 741. There is no showing of any abuse of discretion or any harm to defendant, and this contention is also overruled.

Defendant next contends there was prejudicial error in the closing argument of the prosecutor. In the cross-examination of state's witness Mitchell as to how he and defendant got along, the witness said, "Fair". He was asked for a better definition of "fair", to which he made the unresponsive answer of, "Well, we do—of course, he was in Jeff City serving time and I never did see him, nothing like that * * *" No objection was made to this response and there was no request to strike or to instruct the jury to disregard it. Defendant did not take the stand. Then in closing argument the prosecutor, apparently answering an attack made by the defense upon the witness Mitchell as to why Mitchell had failed to ask defendant what he was doing with a loaded shotgun in the back seat of Mitchell's car the night of the robbery, said:

"Mr. Hoertel: * * * They try to make a whole lot out of Raymond Mitchell's story, but if I had had somebody, and known somebody, as long as he's known Fred Crider, almost all his life, and known that he's been in the penitentiary, like he said—

"Mr. Turley: Just a minute. Just a minute. I object to that. That's improper argument. Ask the court to instruct the jury to disregard that.

"The Court: Sustained. The jury will disregard that.

"Mr. Hoertel: All right. And if he knew those things and knew Fred Crider had a loaded shotgun in his car, you don't ask him a whole lot of questions. You're not out hunting quail at 9:30 at night * * *"

■ The court did what defendant asked be done. No further action was requested. There was no request for mistrial or to reprimand. For this reason the matter is not now available to defendant and the point is overruled, State v. Marlin, (Mo.Sup.) 177 S.W.2d 485, 487, and State v. Cheatham, (Mo.Sup.) 340 S.W.2d 16, 20.

■ Defendant's final contention is that the term of thirty years is excessive, but it is held that when the punishment is within the range prescribed by statute it cannot be judged excessive by the appellate court, State v. Wolfe, (Mo.Sup. banc) 343 S.W.2d 10, 16, and State v. Gray, (Mo.Sup.) 360 S.W.2d 642, 645, and this contention is also overruled.

We have examined those parts of the record required under rule 28.02 and find no error therein.

The judgment is affirmed.

All concur.