STATE of Missouri, Respondent,

v.

Fred Leonard CRIDER, Appellant.

No. 54350.

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

John C. Danforth, Atty. Gen., Michael
L. Boicourt, Asst. Atty. Gen., Jefferson
City, for respondent.

Weldon W. Moore, Rolla, for appellant.

HOUSER, Commissioner.

Fred Leonard Crider appeals from a
judgment and order denying and dis-

missing his motion filed under Criminal Rule 27.26, V.A.M.R. to vacate and set aside a judgment of conviction of robbery first degree and sentence of 30 years' imprisonment. On October 9, 1967 appellant's original judgment of conviction was affirmed on appeal. State v. Crider, Mo. Sup., 419 S.W.2d 13. Appellant himself prepared and approximately five months later filed this motion. Hon. Jay White was appointed attorney to represent movant. An evidentiary hearing was conducted. In denying and dismissing the motion the court made specific findings on the various points raised. The court allowed movant to appeal as a poor person and reappointed Mr. White to represent him on appeal. After the transcript was filed in this court Mr. White was permitted to withdraw. Hon. Weldon W. Moore, appointed in his stead, filed a brief and argued the case for appellant.

The sole point raised on this appeal is that "The court erred in denying the motion to vacate and set aside judgment of conviction and sentence because the sentence imposed upon appellant was in violation of Article I, Sections 14 and 18(a) of the Constitution of Missouri, 1945, V.A. M.S. and in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States because: A. Counsel chosen by appellant was not given adequate time to prepare for trial and the oral request for a continuance by such counsel was denied by the court. B. Appellant was deprived and denied of competent service of counsel of his own choosing at the trial and in preparation for the trial and the judgment and sentence is void because the court had no jurisdiction over him at the time."

The magistrate appointed a lawyer to represent Crider at the preliminary hearing, which was held April 1, 1966. The lawyer, B. B. Turley, advised both Crider and his wife at that time that they had a right to employ additional counsel and were free to make arrangements for additional or substitute counsel. Mrs. Crider testified that she talked to other lawyers about representing her husband but they wanted cash in advance and she did not have cash to pay them in full. Crider was bound over to circuit court. An information charging robbery first degree and a previous conviction was filed on April 15. Three days later the circuit judge appointed the same Mr. Turley, a 1953 graduate of the law school of the University of Missouri, to represent Crider in circuit court. The names of 28 witnesses for the State were endorsed on the information. Sometime between April 15 and May 7 the case was set for trial on June 7. Mr. Turley prepared for trial and was ready for trial on June 7. Late in the evening of June 6 Mrs. Crider employed Hon. Jay White to defend her husband on the charge of armed robbery. The reason she gave for hiring Mr. White so late was that it took that long to raise the fee; that friends helped her borrow the money to hire the attorney. Mr. Turley testified that on the morning of June 7 there was "some discussion" between court and counsel about a continuance on the ground that Mr. White had just been brought into the case in the course of which the judge asked Mr. Turley if he had had time to prepare for trial. Mr. Turley answered "Yes." The judge then asked Mr. Turley if he felt that he was ready for trial personally. Mr. Turley answered in the affirmative. No written request for a continuance was made. The court denied the oral request for a continuance. The case went to trial and the trial was concluded on June 7, 1966.

On the foregoing facts, which were of record or testified to by Mr. Turley or Mrs. Crider, appellant contends that the court abused its discretion in directing that the case proceed to trial without granting a continuance, and that he was thereby unconstitutionally deprived of competent service of counsel of his own choosing.

The transcript of the trial of June 7, 1966, admitted in evidence in the 27.26 hearing, discloses that both Mr. Turley and Mr. White actively collaborated in the

defense of Crider and effectively represented him. Following Mr. White's objection to the number of veniremen called the prosecuting attorney waived the death penalty. Mr. Turley asked for the enforcement of the rule excluding the witnesses from the courtroom. The state examined five witnesses. Mr. Turley cross-examined three of the State's witnesses and Mr. White cross-examined two of them. Their cross-examinations were not cursory and superficial. Their cross-examinations effectively tended to weaken the direct testimony of the State's witnesses. Mr. White introduced a photograph in evidence and examined two witnesses called on behalf of the defendant in an effort to break down the testimony of the State's witness Norma Jean Hrovat, the storekeeper who identified defendant as the man who had purchased a shotgun on the day of the robbery. Mr. Turley made two objections to the final argument of the prosecuting attorney. One was sustained. The other was overruled.

The action of the court in refusing to vacate this sentence and judgment on the ground that the court abused its discretion in denying a continuance was not clearly erroneous under the requirement of Criminal Rule 27.26(j). Nor was the ruling that appellant's constitutional rights were not violated clearly erroneous.

■■■ Anent the continuance: The complaint is that Mr. White, counsel of appellant's own choosing, was not given adequate time to prepare for trial, and that for this reason the court erred in denying a continuance; that the effect of the ruling was to force upon appellant counsel not of his own choosing and to deprive appellant to the effective assistance of counsel of his own choosing. The employment by the accused of counsel of his own choosing on the eve of trial does not automatically entitle an accused to a continuance, and the denial of a continuance for that reason, where qualified court-appointed counsel remains in the case, does

not conclusively demonstrate that accused was deprived of effective assistance of counsel. It depends upon the circumstances. State v. Hamel, Mo.Sup., 420 S.W.2d 264, 266 [2]. The question is one of prejudice. The burden of proof on the issue is upon the accused to demonstrate that the denial of a continuance prejudiced him. Appellant raises the question of the competence of court-appointed counsel, charging that Mr. Turley did not understand how to defend a second offender case or how to make a proper defense, but the record not only fails to support the charge but affirmatively demonstrates that Mr. Turley discharged his duties and responsibilities as defense counsel with professional competence. No prejudice arising out of Mr. White's unfamiliarity with the case is shown. Mr. White's conduct as defense counsel demonstrated considerable familiarity with the facts and law of the case. When the request for a continuance was made on the morning of trial the circuit judge had two lawyers before him. One of them, employed the previous evening, was asking for time. The other, in whom the court had sufficient confidence to appoint as sole counsel for the defense, had been in the case for more than two months, had prepared for trial, and announced that he was ready to go to trial. The court, evidently entertaining the view that the rights of the accused would be protected in the hands of court-appointed counsel, together with whatever assistance might be afforded by the recently employed Mr. White, denied the request for additional time. There was no abuse of discretion in so ruling. See Holt v. United States, 8 Cir., 267 F.2d 497 [1]. We sustain the trial court's finding that there is no record evidence that a continuance was denied to appellant's prejudice on the ground that more time was required by appellant's counsel to prepare for trial.

■■■ Concerning the constitutional question: Appellant cites a number of cases

touching the constitutional right of an accused to counsel of his own choosing.[1] None of these cases, examined, is a case in which a competent court-appointed attorney who had prepared for trial and who was ready to try the case was present when a continuance was requested by newly employed private counsel on the day of the trial. As pointed out in United States ex rel. Gallo v. Follette,[1] the accused's right to private counsel is limited by the state's right to proceed to trial after the accused has been afforded a fair opportunity to engage his own counsel and adequate time to prepare his defense, and does not include the right to defeat or impede the orderly processes of the administration of justice. Appellant had such an opportunity and was afforded adequate time to prepare his defense. Appellant had from April 1 to June 7, a period of 67 days, within which to employ private counsel. On the 66th day, Mr. White was employed, through the intervention of friends, according to Mrs. Crider. Appellant made no showing that he or his wife had made any effort to secure the assistance of friends before the last minute. The court might well have disbelieved Mrs. Crider and concluded that these last-minute actions were taken in order to effect an unnecessary delay or in a calculated attempt to place the court in error. Furthermore, the defense was then prepared and appellant's court-appointed lawyer was ready for trial. Mr. Turley's appearance and services as counsel for appellant satisfied his Sixth Amendment right to "the Assistance of Counsel for his defence" and the right to "defend * * * by counsel" vouchsafed to him by Constitution of Missouri 1945 Article I § 18 (a). Mr. White's presence and assistance was an additional plus. While we are not ready to characterize this appeal as "wholly frivolous" (as did appellant's counsel in his motion for permission to withdraw as counsel on appeal), we are firmly of the opinion that appellant's constitutional right to counsel has been accorded to him in full measure. We confirm the trial court's finding that " * * * the trial defense of movant in Circuit Court was conducted by Mr. Turley and, as well, by Mr. White, movant's employed counsel, with legal competence and diligence."

Judgment affirmed.

WELBORN, C., concurs.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and McGUIRE, Special Judge concur.

STORCKMAN, J., not sitting.

1. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; United States v. Johnston, 6 Cir., 318 F.2d 288; United States v. Mitchell, 2 Cir., 354 F.2d 767; Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219; Smith v. United States, 53 App.D.C. 53, 288 F. 259; United States ex rel. Gallo v. Follette, S.D.N.Y., 270 F.Supp. 507; United States ex rel. Davis v. McMann, N.D. N.Y., 252 F.Supp. 539; Shapiro v. United States, 69 F.Supp. 205, 107 Ct.Cl. 650; State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595; State v. McClinton, Mo. Sup., 418 S.W.2d 55; People v. Cohen, 298 N.Y. 920, 85 N.E.2d 62; Raisor v. Commonwealth, Ky.App., 278 S.W.2d 635.