Fred L. CRIDER, Petitioner,

v.

Harold R. SWENSON, Warden,
Respondent.

No. 18430–1.

United States District Court,
W. D. Missouri, W. D.

Sept. 29, 1970.

Fred L. Crider, pro se.

Kenneth M. Romines, Asst. Atty. Gen.,
Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case involves petitioner's second federal habeas corpus attack on his 30 year sentence imposed June 20, 1966 after jury trial in the Circuit Court of Phelps County, Missouri. Petitioner's conviction was affirmed on direct appeal in State v. Crider, (Mo.Sup.Ct., Div. 1, 1967) 419 S.W.2d 13. Relief will be denied for the reasons stated.

### I.

On December 6, 1967 petitioner, in his first petition filed in this Court, sought to invoke the habeas corpus jurisdiction of this Court. On December 20, 1967, in Crider v. Swenson, No. 1262 (unreported), we denied petitioner's first habeas petition in regard to all questions presented except petitioner's alleged

claim of ineffectiveness of assistance of trial counsel. In his first habeas petition, petitioner, among other things, alleged his ineffective assistance claim in the language set out in the footnote below.[1] We dismissed that portion of petitioner's claim without prejudice because of petitioner's failure to exhaust available State court remedies.

On March 19, 1968 petitioner filed a pro se Rule 27.26, V.A.M.R. motion in the State trial court. The ineffective assistance of counsel question which petitioner prematurely attempted to present to this Court in his original federal habeas corpus petition was not included in that pro se 27.26 motion. As will be noted presently, petitioner based his 27.26 ineffective assistance of counsel claim on an entirely new and different ground than that alleged in his first federal habeas corpus petition.

 The State trial court's denial of petitioner's pro se 27.26 motion was affirmed in State v. Crider, (Mo.Sup.Ct., Div. 1, 1970) 451 S.W.2d 825. Because of the manner in which the Supreme Court of Missouri permitted the State trial court to apply Rule 27.26, the only federal question presented to and ruled on the merits by the State courts was the extremely narrow question presented in petitioner's pro se 27.26 motion. That narrow question, under familiar principles of exhaustion, is the only question which may properly be decided in this proceeding.

## II.

The sole ground for relief alleged in petitioner's pro se Rule 27.26 motion was as follows:

The court erred in denying the motion to vacate and set aside judgment of conviction and sentence because the sentence imposed upon appellant was in violation of Article I, Sections 14 and 18(a) of the Constitution of Missouri, 1945, V.A.M.S. and in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States because: A. Counsel chosen by appellant was not given adequate time to prepare for trial and the oral request for a continuance by such counsel was denied by the court. B. Appellant was deprived and denied of competent service of counsel of his own choosing at the trial and in preparation for the trial and the judgment and sentence is void because the court had no jurisdiction over him at the time. [451 S.W.2d at 826]

The Supreme Court of Missouri accurately stated that the State trial court's denial of petitioner's pro se motion on the ground stated was "the sole point raised on this appeal" [451 S.W.2d at 826]. We reiterate that this is the sole question which may properly be consid-

---

1. Petitioner was either deprived of the guarantee to a fair and impartial trial in violation of the Fourteenth Amendment to the U. S. Constitution, or was deprived of the effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments.

During the State's closing argument reference was made to petitioner's having been in the penitentiary. Petitioner had not testified. The petitioner's attorney objected and requested the court to instruct the jury to disregard, which the court did. Petitioner's counsel brought this point up on appeal and the appellate (Missouri Supreme) court held that since "the (trial) court did what defendant asked to be done (and) no further action was requested (and) there was no re-

quest for mistrial or to reprimand (therefore) the matter is not now available to defendant and the point is overruled."

The respondent's attorney on appeal pointed out that the matter of petitioner's former imprisonment was brought out by a State's witness during cross-examination, without objection from defense counsel, and the appellate court made reference to said lack of objection.

Petitioner submits that it can only be concluded that either the appellate court erred and the petitioner was reversibly prejudiced, or that, if the appellate court was correct, then petitioner's appointed counsel was undeniably ineffective and petitioner prejudiced thereby in accordance with the argument of respondent's attorney and of the appellate court itself.

ered by this Court. For petitioner, using but slightly different language, presented exactly the same narrow question to this Court in his second federal habeas corpus petition.[2]

The Supreme Court of Missouri properly decided that question in accordance with applicable federal standards for the reasons stated in Part III of this opinion.

### III.

The State trial court made the following finding at the close of petitioner's Rule 27.26 hearing:

There is no evidence in the record of this hearing that a delay or continuance of the trial was timely sought or presented to the trial court and by the court denied, to movant's [then defendant's] prejudice, on the claimed ground that movant's [then defendant's] counsel required more time to prepare for trial. [27.26 TR. p. 55]

The Supreme Court of Missouri sustained only the second portion of that finding, stating: "We sustain the trial court's finding that there is no record evidence that a continuance was denied to appellant's prejudice on the ground that more time was required by appellant's counsel to prepare for trial" [451 S.W.2d at 827]

In regard to the first portion of the State trial court's finding, the Supreme Court of Missouri, after stating that petitioner's wife had "employed Hon. Jay White to defend her husband * * *" late in the evening of June 6, stated:

Mr. Turley testified that on the morning of June 7 there was "some discussion" between court and counsel about a continuance on the ground

that Mr. White had just been brought into the case in the course of which the judge asked Mr. Turley if he had had time to prepare for trial. Mr. Turley answered, "Yes." The judge then asked Mr. Turley if he felt that he was ready for trial personally. Mr. Turley answered in the affirmative. No written request for a continuance was made. The court denied the oral request for a continuance. The case went to trial and the trial was concluded on June 7, 1966. [451 S.W.2d at 826]

In another portion of its opinion, the Supreme Court of Missouri made the following additional findings:

When the request for a continuance was made on the morning of trial the circuit judge had two lawyers before him. One of them, employed the previous evening, was asking for time. The other, in whom the court had sufficient confidence to appoint as sole counsel for the defense, had been in the case for more than two months, had prepared for trial, and announced that he was ready to go to trial. The court, evidently entertaining the view that the rights of the accused would be protected in the hands of court-appointed counsel, together with whatever assistance might be afforded by the recently employed Mr. White, denied the request for additional time. [Id. at 827]

In still another place in its opinion, the Supreme Court of Missouri found that at the time the oral request for a continuance was made, "the defense was then prepared and appellant's court-appointed lawyer was ready for trial" [Id. at 828]

---

2. Petitioner alleged the following grounds in his pending federal habeas corpus petition:

(a) Counsel chosen by petitioner was not given adequate time to prepare for trial and the oral request for a continuance by such counsel was denied by the Court, contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States.

(b) Petitioner was deprived and denied of competent service of counsel of his own choosing at the trial and in preparation for the trial and the judgment and sentence is void because the court had no jurisdiction over him at the time, contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States.

■ Under the established practice of this Court, see Noble v. Swenson, (W.D. Mo., 1968) 285 F.Supp. 385 at 386–387, when the Supreme Court of Missouri exercises its *de novo* power to make reliable findings of fact, we defer to such findings. We must accordingly ignore any findings to the contrary which may have been made by the State trial court.

When the facts reliably found by the Supreme Court of Missouri are viewed in light of that court's further reliable finding that "both Mr. Turley and Mr. White actively collaborated in the defense of Crider" [451 S.W.2d at 826–827], it is immediately apparent that the Supreme Court of Missouri properly articulated and applied controlling federal standards to the only federal question presented.

The narrow federal question presented by petitioner's *pro se* Rule 27.26 motion was simply whether the denial of a request for a continuance, based solely on the ground that one of his two lawyers had but recently accepted employment in the case, without more, could be said to have deprived petitioner of any federally protected constitutional right.

The Supreme Court of Missouri noted its familiarity with a wealth of Supreme Court of the United States and other cases in footnote 1 on page 826 of 451 S.W.2d. It properly stated that "None of these cases, examined, is a case in which a competent court-appointed attorney who had prepared for trial and who was ready to try the case was present when a continuance was requested by newly employed private counsel on the day of the trial." [Id. at 828]

The Supreme Court of Missouri correctly applied applicable federal standards when it concluded that:

The employment by the accused of counsel of his own choosing on the eve of trial does not automatically entitle an accused to a continuance, and the denial of a continuance for that reason, where qualified court-appointed counsel remains in the case, does not conclusively demonstrate that accused was deprived of effective assistance of counsel. [Id. at 827]

\* \* \* \* \* \*

Mr. Turley's appearance and services as counsel for appellant satisfied his Sixth Amendment right to "the Assistance of Counsel for his defence" and the right to "defend \* \* \* by counsel" vouchsafed to him by Constitution of Missouri 1945 Article I § 18(a). Mr. White's presence and assistance was an additional plus. [Id. at 828]

So far as the present record shows, petitioner had no objection whatever to being represented at trial by both Mr. Turley and Mr. White. The circumstances under which the continuance was sought and refused did not appear at all in the transcript of petitioner's trial. Nor were those circumstances appropriately developed at the 27.26 evidentiary hearing. The petitioner and others who apparently had personal knowledge of those circumstances were not called as witnesses at the 27.26 hearing.

Whether petitioner was in fact agreeable to being represented at trial by both Mr. Turley and Mr. White (as the trial transcript would tend to indicate), or whether petitioner in fact wanted to be represented by Mr. White alone (and did not in fact wish to have Mr. Turley, his appointed counsel, to continue to represent him), were factual questions which have not yet received the attention of the State courts.

■ United States v. Denno, (2 Cir., 1965) 348 F.2d 12, collects the cases which establish the principle that a defendant has the right to reject appointed counsel for the purpose of representing himself, provided he makes an unequivocal request to act as his own counsel.[3]

---

3. The two separate cases considered by the Second Circuit in United States v. Denno illustrate that the particular factual circumstances of each case are controlling.

We do not, of course, reach the question of whether the principles articulated in United States v. Denno (and the cases cited therein) establish that a defendant also has a federally protected right to reject appointed counsel for the purpose of being represented by his employed counsel. The factual question of whether petitioner may or may not have made an appropriate request to be represented solely by Mr. White was not properly presented to the State courts and therefore is not open for consideration by this Court under familiar exhaustion principles. The State courts more or less assumed, without any apparent protest from petitioner or his appointed 27.26 counsel (who was petitioner's employed counsel at trial), that petitioner did not attempt to reject the services of his appointed counsel. The view of this case taken by the State courts did not require a finding of fact in regard to that factual question. This Court can not reach that question because it was not considered on the merits by the State courts.

■ It is therefore apparent that the only question presented to the State courts by petitioner's *pro se* motion was whether, without more being alleged or proven, the denial of a continuance requested by a defendant's employed counsel, in a case in which a defendant was also represented throughout by appointed counsel, deprived petitioner of any federally protected right. The State courts correctly decided that narrow question. Federal habeas corpus relief must therefore be denied.

### IV.

We recognize that our determination of petitioner's second federal habeas corpus petition may not be the end of petitioner's postconviction proceedings in either the State or federal courts. But avoidance of piecemeal postconviction litigation by the exercise of control over what postconviction claims a particular State prisoner is required to present and therefore exhaust lies solely within the power of the State, and not the federal, courts.

The Supreme Court of Missouri made appropriate provision in its amended Rule 27.26 to avoid piecemeal litigation of State prisoner postconviction claims. In paragraph (h) of that amended rule it mandatorily provided for the appointment of postconviction counsel for a Rule 27.26 movant. And that paragraph further mandatorily provided that: "Counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included."

It has been clear in this particular case from the time petitioner filed his first federal habeas corpus petition on December 6, 1967 that he believed that he had a broader Sixth Amendment claim than that which he eventually asserted in his *pro se* Rule 27.16 motion filed March 19, 1968. Notice of that claim was appropriately given the State trial court in paragraphs 10(b) and 11(b), 11(c) and 11(d) of petitioner's *pro se* 27.26 motion.

■ That court, however, did not require appointed counsel to comply with paragraph (h) of amended Rule 27.26. Accordingly, petitioner's *pro se* Rule 27.-26 motion was not amended to include either (1) the ineffective assistance claim petitioner had already prematurely sought to present in his first federal habeas petition or (b) any and all other

---

Habeas relief was granted petitioner Maldomado because, on the facts of his case, he was found to have made an unequivocal request to conduct his own defense.

Relief was denied petitioner DiBlasi because, on the facts of his case, it was determined that he had not made an unequivocal request.

claims, both State and federal, which may at some future time be suggested to him by some new jailhouse lawyer. Unless paragraph (h) of Rule 27.26 is fully and fairly complied with, the principles applicable to abuse of postconviction remedies articulated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), may not be properly applied.

It is clear from the transcript of the Rule 27.26 hearing held in this case on November 8, 1968, that the prosecuting attorney who represented the State, petitioner's appointed 27.16 counsel, and the State trial judge all elected to restrict the evidentiary hearing to the extremely narrow question presented in petitioner's unamended *pro se* motion. It is also clear that the Supreme Court of Missouri elected to decide that narrow question rather than remand to the State trial court for compliance with Rule 27.26(h).

In short, the State courts elected to permit petitioner to present his postconviction claims in a piecemeal manner. The fact that the Supreme Court of Missouri may at some later date be required to hear and determine another 27.26 appeal which might present a broader Sixth Amendment question than the narrow question presented in this case (and perhaps still other State and federal postconviction claims) does not alter the fact that the only federal question in regard to which it may properly be said that petitioner has presently exhausted his available State court remedies is the narrow question which the State courts elected to decide on the merits.

We find and conclude for the reasons stated that the Supreme Court of Missouri properly applied controlling federal standards to the facts it reliably found in regard to that federal question. Accordingly, it is

Ordered that petitioner's second federal habeas corpus petition should be and the same is hereby denied.