**Floyd Harrison HULETT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56495.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

Hamp Ford, Jones, Knight & Ford, Columbia, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

An information charged that on February 9, 1969, Floyd Harrison Hulett, Ronald Eugene Brammer and Kenneth Lee Twyman broke into a building and office, Banner Loan Company, on Allen Street in Centralia and stole "(t)hree hundred and some odd dollars." In describing the burglary and theft the appellant Hulett said, "I kicked the back door open. * * * Just as charged—I broke into the building and took the money." After a severance and at least four continuances, all at his instigation, Hulett on October 2, 1969, entered a plea of guilty and was sentenced to eight years imprisonment for the burglary and five years for stealing, the sentences to run concurrently. V.A.M.S. § 560.095 and Supp. § 560.110. In February 1970 Hulett instituted this 27.26 proceeding, on July 23, 1970, he amended the motion and on July 24th proceeded to a hearing with court-appointed counsel after the withdrawal of previously appointed counsel.

The trial court made full findings of fact and conclusions of law and Hulett has appealed from the final order denying 27.26 relief.

■ Counsel has briefed and orally argued four points, the fourth of which Hulett, because of obvious inconsistency, has personally withdrawn. The three remaining points are ineffective assistance of counsel, that he did not waive his right to counsel and most important that the court erred in not finding that his guilty plea was "not voluntary under the circumstances * * * because Hulett *felt* he could not receive a fair trial if he had to represent himself or if he was forced to proceed to trial with unprepared counsel and as an alternative to doing either he entered the plea of guilty to avoid an *unfair trial.*" (Emphasis supplied.) As others have pointed out the claims of ineffective counsel and involuntary plea of guilty are "concomitant" issues (Colson v. Smith, 5 Cir., 438 F.2d 1075, 1078) and thus it is not necessary to separately consider the appellant's points. And it may be added that a defendant is entitled to the effective assistance of counsel in determining how to plead and in making his plea. There is a distinction, however, in counsel's duty to a client standing trial and one pleading guilty, when a plea is entered counsel's duty is to "ascertain if the plea is entered voluntarily and knowingly." Colson v. Smith, 438 F.2d l.c. 1078; Lamb v. Beto, 5 Cir., 423 F.2d 85, and see then Judge Burger in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 709.

Neither is it necessary to encumber the records with a long detailed recitation of the facts. These circumstances excerpted from appellant's brief and from the court's finding are sufficient to point up the crux of the matter. It may be added in passing that virtually all the circumstances are a matter of record. At his preliminary Hulett was represented by the public defender, Granville E. Collins. Seven or eight witnesses testified in detail to the burglary and stealing from the loan company and,

of course, Mr. Collins was present and heard the witnesses. Immediately following the preliminary Hulett employed and paid Mr. Roswell Henderson of Moberly $250.00 to represent him. All or most of the time from the date of the preliminary to the date of the plea in October appellant was on bond. On March 3, 1969, Mr. Henderson appeared with his client for arraignment, a plea of not guilty was entered and the case was set for trial. On April 16, 1969, Hulett "had" Henderson prepare a motion to disqualify the judge because *"he thought* the trial judge was prejudice(d)." The motion was sustained, the cause was set for trial on May 12 and Judge Turpin was assigned as a special judge and all subsequent proceedings have been before him. On May 12 Mr. Henderson again appeared with his client, a jury was waiting and counsel requested a resetting and a hearing on his motion challenging the authority of the regular judge to set the case for trial. After considerable colloquy and after a recess Mr. Henderson returned to the courtroom and stated that his client had an announcement to make to the court. Whereupon Hulett, and he said his codefendant Twyman agreed, said, "Your Honor, me and Mr. Henderson cannot agree upon several points of this trial. *He insists that I go on to trial. I do not feel* that he is ready to go to trial and, therefore, I notify the Court that I have dismissed Mr. Henderson as my attorney." The state entered a long objection to this procedure stating among other reasons that "I think it is simply an attempt by the defendants to avoid trial of the case. This could go on ad infinitum." In the end the court reset the case for a day certain, June 30th stating, however, that "the Court will not permit any further discharge of counsel as a delaying matter in this case." On the same date the court again appointed Mr. Granville Collins to represent Hulett. In the meanwhile, on June 28 Hulett employed Mr. Pierce, a well-known Kansas City lawyer, to represent him and paid him $200.00 on an agreed fee of $750.00. When the case was called on June 30th

and Hulett informed the court that he had hired Mr. Pierce the court permitted Mr. Collins to withdraw as counsel. Mr. Pierce informed Collins that he had been hired and "was entering his appearance." Mr. Pierce did not appear and again the court set the cause for trial on October 2, 1969. The court then addressed Twyman and the appellant, "now free on bond," and said, "that it will be your responsibilities to see that your attorneys are ready for trial on that date."

Despite the trial court's warning and admonition on June 30th and despite the fact that he was on bond, on October 2, 1969, when Hulett appeared in circuit court and his case was called and the state announced "ready" he promptly said, "I have no attorney, Your Honor" and he announced that he had no funds with which to hire one. The court called his attention to the past events, the number of continuances and his announcement in June that he had hired the well-known Duncan-Pierce firm. The state again announced ready, objected to a continuance, pointed to the three lawyers he had had and finally said, "We feel that this is simply another effort on the part of the defendant to delay the trial of this case." The court pointed to the fact that again a jury was present, that Hulett had had ample opportunity to hire counsel and particularly that he had not advised the court or state's counsel that he was coming into court on the 2nd without a lawyer. In response to this he claimed that he did not know that he was supposed to notify the court. Finally the court said that he could not "let you continue to ask for continuances simply because you do not want to get counsel." The court then announced that the case would be tried, that Hulett would represent himself and the court again appointed Mr. Collins, "Just as an attorney before the Bench" to sit in with him, to handle the voir dire and "any questions concerning the law that may come up during the course of the trial." The voir dire examination of the jury was concluded, there

was a recess and Mr. Collins stated that Hulett desired to withdraw his plea of not guilty and enter a plea of guilty. The court informed Hulett that his plea could not be accepted until certain questions were answered and certain formalities complied with.

The court then administered the oath of a witness to Hulett, age 32, and after eliciting the fact that he was a high school graduate, Hulett said that he desired to withdraw his plea of not guilty and enter a plea of guilty to burglary and stealing. It was in this connection that Hulett detailed the circumstances of the offense—kicking in the door and stealing the money. The court questioned Hulett closely as to his avowed satisfaction with the services of Collins as his lawyer. The court advised him of his right to a jury trial—the jury being present—told him of the state's burden of proof, the range of punishment, the right to process and witnesses. The court then examined his attorney and again returned to Hulett and told him that his past criminal record would be considered, that the court would listen to both counsel for the state and his lawyer and secured his understanding "that this matter is left solely to the discretion of the court." The court examined Hulett as to promises of leniency and parole and whether he "freely and voluntarily, on your own part and of your own free will, asking this Court to allow you to enter a plea of guilty."

■ As indicated upon this proceeding, Hulett was permitted to testify fully as to hiring and firing counsel, his claims, always employing ambiguous language as that he "didn't *feel*" that the judge "would be a fair Judge" and now in his brief that his plea was not voluntary because "Hulett *felt*" he could not proceed to trial with unprepared counsel and as an alternative entered a plea of guilty "to avoid an *unfair trial*." While Hulett now repudiates and denies the solemn record upon his plea of guilty the detailed circumstances speak for themselves and it is not necessary to char-

acterize them and indicate what they say or the inferences permissible, it is sufficient to say that the bare record facts of past proceedings refute all his claims and support the court's finding, particularly: "The court finds the situation to be a series of tactics on movant's part to avoid trial on several occasions and particularly on October 2, 1969." It should be noted that even now there is not the slightest indication that the appellant is not guilty. He does not suggest a possible defense had he stood trial and above all as to his counsel—he does not claim that counsel induced him to enter a plea of guilty. From all that appears in the record the final decision to plead was based on his own misconceptions and misinformation as to the standards of what is "fair." There was ample opportunity on October 2nd to inform the court of "enforced plea," what he meant by "fair" or substantiate his "feel" by facts, but he did not do so and has not done so now.

A case quite similar on its facts, particularly with respect to a continuance, the firing of lawyers and a studied "series of tactics" to avoid the inevitable, is State v. Lahmann, Mo., 460 S.W.2d 559. Other persuasive cases on ineffective counsel as well as the voluntariness of the plea of guilty and whether in this proceeding the court abused its discretion are Robinson v. United States, 448 F.2d 1255 (8th Circuit, 1971), State v. Crider, Mo., 451 S.W.2d 825; Alaway v. United States, D.C., 280 F.Supp. 326, and very recently, Carter v. State, Mo., 472 S.W.2d 370 (Division One, 1971). Accordingly, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.