Ernest WALTERS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 75 Civ. 1339.

United States District Court,
S. D. New York.

Dec. 16, 1975.

Ernest Walters, pro se.

Stephen Wizner, New Haven, Conn., for petitioner; Jay Cohen, Law Student, on brief.

Thomas J. Cahill, U. S. Atty. for the Southern District of New York, John C. Sabetta, Asst. U. S. Atty., New York City, for respondent.

LASKER, District Judge.

Petitioner, a federal prisoner presently incarcerated in Danbury, Connecticut, moves pursuant to 28 U.S.C. § 2255 to vacate his conviction on the ground that he was deprived of his right to counsel at the time of the selection of the jury for his trial.[1]

The petitioner was tried in 1973 on charges involving violations of the federal narcotics laws. According to an uncontested Government affidavit, the petitioner and his retained counsel, Wilson Graves, were provided with two and one-half months notice that the trial would begin on September 10, 1973. On September 5, 1973, at a pretrial hearing, Mr. Graves informed this court that he might be on trial in the Civil Court of New York City on the day the petitioner's trial was scheduled to commence. Graves promised to arrange to have another attorney appear in his place. On September 10, 1973, a stand-in attorney represented the petitioner at a "minimization" hearing before this court (when informed of this substitution, petitioner did not raise any objections, (Tr. 18–19)). All parties had been advised that the trial would follow immediately upon conclusion of the minimization hearing. Nevertheless, the next day, September 11, scheduled for selection of the jury, although the court had received no notice from either of them, *neither* Graves *nor* the stand-in attorney appeared in court. Jury selection was delayed until the arrival of one or the other. Later

that morning, the court received an affidavit from Graves advising that he was actually engaged in the Civil Court and was unable to appear on behalf of the petitioner. In his affidavit, Graves requested a severance of petitioner's case. The request was denied. Although the petitioner had already stated that he would prefer to wait for his own attorney rather than have counsel appointed (Tr. 14), the court appointed Robert Brown, counsel for the petitioner's codefendant John Boone, to represent the petitioner during the jury selection.

Following the selection of the jury, all proceedings were suspended until the presence of petitioner's retained counsel could be obtained. Later that day, after the jury had been released and instructed to return the next morning, Graves was taken into custody by a Deputy United States Marshal acting on a warrant issued by this judge. The next day, September 12, 1973, and for the remainder of the trial, Graves represented the petitioner. On September 24, 1973, the petitioner was convicted of substantive violations of the federal narcotics laws.

■■■ Initially, we must deal with the petitioner's request that this judge disqualify himself from deciding the instant motion. Although not explicitly stated, the motion for disqualification apparently is based on 28 U.S.C. § 144. That statute requires the district court judge to disqualify himself from hearing a proceeding if any party to the proceeding files an affidavit that "the judge before whom the matter is pending has a personal bias or prejudice . . . against him." Here the petitioner has completely failed to allege any bias or prejudice on the part of this judge. The mere fact that the same judge who presided at trial now rules on the petitioner's motion is not cause for disqualification. Indeed, one of the purposes of 28 U.S.C.

1. Determination of this motion, filed March 19, 1975, was delayed at the request of the Legal Services Organization of Yale Law School which filed a supplemental memoran-

dum of law on behalf of, and at the request of the petitioner. We compliment the legal assistance program on its memorandum.

§ 2255 was to permit the trial judge, because of his familiarity with the original proceedings and ability to supplement the record, to hear motions collaterally attacking the trial process. *United States v. Smith*, 337 F.2d 49, 53 (4th Cir. 1964), *cert. denied*, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965). Further, petitioner and his counsel have both failed to submit, respectively, an affidavit and certificate of good faith affirming the existence of such prejudice. The absence of the required documents in itself is a significant defect in the motion to disqualify. *Ormento v. United States*, 328 F.Supp. 246, 260–61 (S.D.N.Y.1971). Accordingly, the motion to disqualify is denied.

 As to his substantive claim, petitioner contends that the appointment of counsel over his objection violated his right to counsel under the Sixth Amendment. A criminal defendant in a federal trial is, of course, entitled to the assistance of counsel for his defense. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Although the right to counsel is absolute, there is, however, "no absolute right to a particular counsel." *United States ex rel. Carey v. Rundle*, 409 F.2d 1210, 1215 (3rd Cir. 1969), *cert. denied*, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). See *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). The desirable goal that a defendant obtain counsel of his own selection must be balanced against the public interest in the expeditious handling of criminal cases. Witnesses, prospective jurors and prosecutors are entitled to reasonable stability in the scheduling of cases. Further, accommodating a particular defendant by delaying his trial might in itself prejudice the rights of co-defendants or defendants in following trials. See *United States ex rel. Carey v. Rundle, supra*, at 1214–1215.

 In the present case, significant efforts were made by the court to insure that counsel of petitioner's own choosing would represent him at all stages of the proceedings. The selection of the jury was delayed until petitioner's retained counsel could appear. Only when it became apparent that Mr. Graves had no intention to appear did the court proceed with the jury selection. Competent counsel was appointed to represent the petitioner for this part of the trial; thereafter proceedings were suspended until the petitioner's counsel was produced by a United States Marshal. The petitioner's Sixth Amendment right to counsel, fully protected in this case, "does not include the right to a lawyer whose other engagements prevent a speedy trial." *United States v. DiStefano*, 464 F.2d 845, 846 n. 1 (2d Cir. 1972).

 The decisions called to our attention by the petitioner's supplemental memorandum of law do not control this case. In those cases,[2] counsel was appointed over the objections of the respective defendants for the duration of their trials. Here appointed counsel represented the defendant only during the jury selection. Moreover, in this case, the trial proceedings had already commenced when the petitioner's retained counsel failed to appear. There was no opportunity to notify the other defendants, the prospective jurors or the prosecution that a delay might be necessary. Finally, where counsel is appointed merely to represent a defendant for the choosing of a jury, as opposed to the conduct of the trial proper, automatic prejudice to the defendant is not reasonably assumed. Cf. *Releford v. United States*, 288 F.2d 298, 302 (9th Cir. 1961). This is particularly true where, as in federal courts, counsel play a limited role in the choosing of a jury. Nothing in the record indicates that either the case or the position of the defend-

---

2. See *United States v. Johnston*, 318 F.2d 288 (6th Cir. 1963); *Releford v. United States*, 288 F.2d 298 (9th Cir. 1961); *Lee v.*

*United States*, 98 U.S.App.D.C. 272, 235 F. 2d 219 (1956).

ant within it was so unique as to require defendant's retained counsel to be on hand at the time of choosing a jury or to suggest that he was prejudiced in any way by having Mr. Brown act as a substitute.

█ The petitioner also claims that a violation of his right to counsel resulted from the joint representation of himself and a co-defendant by one attorney during the empanelling of the jury. This claim lacks substance. It is the settled rule in this Circuit that "some specific instance of prejudice, some real conflict of interest, resulting from a joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel." *United States v. Lovano,* 420 F.2d 769, 773 (2d Cir.), *cert. denied,* 397 U.S. 1071, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970); *United States v. Mari,* 526 F.2d 117, 118–119 (2d Cir. 1975). While we are aware of the questioning of this rule, see *United States v. Mari, supra* (Oakes, J., concurring), where dual representation is confined to the selection of the jury, a defendant must offer at least some showing that prejudice resulted. Here there was no showing of a potential conflict of interest or prejudice to the petitioner's defense. The mere fact of dual representation alone does not establish the requisite prejudice. *United States v. DeBerry,* 487 F.2d 448, 452–53 (2d Cir. 1973).

For the reasons stated above, the petitioner's motion is denied.

It is so ordered.